PER CURIAM.
By information the appellant was charged in one count with breaking and entering a dwelling with intent to commit a felony, aggravated assault, in violation of § 810.01 Fla.Stat., F.S.A., and in a second count with aggravated assault, in violation of § 784.04 Fla.Stat., F.S.A. On trial before the court without a jury the defendant was acquitted on the latter charge, and on count one was found guilty of the lesser offense (§ 810.05 F.S.A.) of breaking and entering a dwelling with intent to commit a misdemeanor, to-wit, petit larceny. The defendant appealed from that conviction.
Ferdie Pacheco and his wife owned a residence as tenants by the entireties. They had separated, and Pacheco had not resided in the home for more than a year. Mrs. Pacheco lived there with their three children. Pacheco retained a key to the home. For the purpose of obtaining evidence against his wife, Pacheco and the defendant, a private investigator employed by him, entered the home through the front door using Pacheco’s key. While there they placed and secluded an electronic transmitter in the master bedroom, and disassembled the lock to a sliding glass door which separated the bedroom from the outside. Shortly thereafter, on a certain date at 2:20 A.M., the defendant, acting on instructions from Pacheco, entered the residence through the unlocked glass door into the bedroom, and secured certain flash photographs of Mrs. Pacheco and a man in bed there. It was brought out by testimony of the latter persons that the defendant did not demand or take anything of value from the premises. Their testimony that the defendant had and produced a gun at that time was contradicted.
The trial court concluded the evidence was insufficient to prove aggravated assault, acquitted the defendant of that charge, and did not find him guilty of a lesser included offense thereof. Con *512 sistent with acquitting the defendant on the separate charge of aggravated assault, the trial court held that the charge of breaking and entering with intent to commit aggravated assault was not proved, incident to convicting the defendant on the lesser offense of breaking and entering with intent to commit petit larceny.
We hold, as contended for by the appellant, that the evidence was insufficient to sustain that conviction. It was clearly disclosed that the defendant’s entry was for the planned and accomplished purpose of taking pictures such as those which were obtained, and further that the testimony of the prosecuting witness disproved the petit larceny intent. We view as unsound the contention of the state that the conviction should be upheld on the basis that the entry of the dwelling stealthily was prima facie evidence of entry with intent to commit a misdemeanor, under § 810.07 Fla.Stat., F.S.A. That section, as amended in 1970 (Ch. 70-29), provides as follows:
“In a trial on the charge of breaking and entering, or entering without breaking, a dwelling house with intent to commit a misdemeanor, or with intent to commit a felony, proof of the entering of such dwelling house at any time stealthily, without consent of the owner or any occupant thereof, shall be prima facie evidence of entering with intent to commit a misdemeanor, in the absence of proof of intent to commit any specific crime.”
Here the elements referred to in the statute, of (1) breaking and entering (2) a dwelling house (3) stealthily were shown but the further condition that such be done “without consent of the owner or any occupant thereof” was not met, since the evidence disclosed the defendant entered with consent and at the direction of the husband-owner. In order for that statute to be applicable, the elements and conditions specified therein must be shown to have been met and complied with. Peters v. State, Fla. 1954, 76 So.2d 147.
For the reasons assigned the judgment is reversed, and the cause is remanded to the trial court with direction to discharge the defendant.
Reversed and remanded with direction.
BARKDULL, C. J., dissents.