350 So.2d 1094 (1977)
Francisco VAZQUEZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 76-714.
District Court of Appeal of Florida, Third District.
September 27, 1977.
Rehearing Denied November 8, 1977.
*1095 Pollack, Rosenfield, Spain & Cullen, Miami, for appellant.
Robert L. Shevin, Atty. Gen., and Arthur Joel Berger, Asst. Atty. Gen. and Miles Shlopack, Legal Intern, for appellee.
Before BARKDULL, HAVERFIELD and HUBBART, JJ.
HUBBART, Judge.
This case is a criminal prosecution for burglary and battery. The defendant was convicted as charged and appeals.
The only substantial issue involved in this appeal is whether it is a burglary for a husband who is physically separated from his wife to enter upon premises possessed by his wife without the wife's consent with intent to commit an offense therein. We hold that in the absence of a legal separation agreement, restraining order or court decree limiting or ending consortium rights of the parties, each spouse has a legal right to be with the other spouse on premises possessed by either or both spouses so long as the marriage relationship exists and that an entry on to such premises by either spouse cannot be a burglary under Section 810.02, Florida Statutes (1975). Accordingly, the burglary conviction is reversed and the battery conviction affirmed.

I
The sole alleged error preserved for appellate review is the denial of the defendant's motion for judgment of acquittal made at the close of the state's case. Mancini v. State, 273 So.2d 371 (Fla. 1973). This motion was not renewed at the close of all the evidence in the case, and the defendant's untimely motion for new trial was never ruled upon by the trial court. Consequently, the only relevant evidence in reviewing this alleged error on appeal is that presented by the state in its case in chief resolving, as we must, all reasonable inferences from the evidence in favor of the state. Lynch v. State, 293 So.2d 44 (Fla. 1974).
*1096 Such evidence as thus viewed reveals that on December 7, 1975, in the early morning hours, the defendant, Francisco Vazquez, went to an apartment in Miami where his wife, Emma Vazquez, resided. The defendant had been physically separated from his wife for a year without either party having obtained a marriage dissolution, legal separation or restraining order. He formerly resided with his wife at this apartment prior to their physical separation. All the bills for the apartment were still made out in the defendant's name although his wife had always paid for them. The record reveals that the parties subsequently obtained a dissolution of their marriage by the time of the trial of this cause.
On the night in question, the defendant knocked on the apartment door and demanded that his wife let him in. His wife made no reply, but fearing possible violence called the police and several neighbors. The defendant eventually broke the apartment door down, entered the apartment and physically struck his wife in the face with his fists causing certain injuries. Several neighbors came to the wife's rescue and restrained the defendant from any further attack on the wife.
The defendant was charged by information in two counts with: (1) burglary in violation of Section 810.02, Florida Statutes (1975), and (2) battery in violation of Section 784.03, Florida Statutes (1975). The trial court sitting without a jury denied the defendant's motion for judgment of acquittal made at the close of the state's case, found the defendant guilty as charged at the close of all the evidence, and sentenced the defendant to one year in the county jail on each count of the information, sentences to run concurrently.
The defendant argues in his brief that the evidence was insufficient as a matter of law to sustain the conviction for battery. At oral argument, however, he quite properly abandoned this position since it is clear from the record that the evidence was more than sufficient to sustain the battery conviction. 3 Fla.Jur. Assault and Battery § 3 (1955). We, accordingly, affirm the defendant's conviction and sentence for battery.

II
The defendant further contends that the evidence is insufficient as a matter of law to sustain the burglary conviction. He argues that his motion for judgment of acquittal as to the burglary charge should have been granted at the close of the state's case. We agree.
Section 810.02, Florida Statutes (1975), the statute which the defendant was convicted of violating, provides in a relevant part as follows:
"810.02 Burglary
(1) "Burglary" means entering or remaining in a structure or a conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter or remain.
(2) Burglary is a felony of the first degree, punishable by imprisonment for a term of years not exceeding life imprisonment or as provided in § 775.082, § 775.083, or § 775.084, if, in the course of committing the offense, the offender:
(a) Makes an assault upon any person.
(b) Is armed, or arms himself within such structure, with explosives or a dangerous weapon."
The crime of burglary under this statute is the unconsensual entering or remaining in a structure or conveyance of another with the intent to commit an offense therein. The purpose of the statute is to punish an invasion of the possessory property rights of another in structures and conveyances. Presley v. State, 61 Fla. 46, 48, 54 So. 367, 368 (1911); Holzapfel v. State, 120 So.2d 195, 197 (Fla.3d DCA 1960). There can be no burglary under the statute, however, where (1) the premises are open to the public at the time of the alleged entering or remaining, or (2) the defendant is licensed, invited or otherwise has a legal right to be on the premises at the time of the alleged entering or remaining, or (3) the defendant had no intent at the time of the entering or remaining to commit an offense *1097 on the premises. Findley v. State, 128 Fla. 341, 174 So. 724 (1937); Simpson v. State, 81 Fla. 292, 87 So. 920 (1921); Balletti v. State, 261 So.2d 510 (Fla.3d DCA 1972).
In the instant case, the wife had a possessory right in the apartment which the defendant entered without the wife's consent with intent to physically abuse the wife. Ordinarily, this would constitute a burglary if the parties had been unmarried. But the parties were married and this fact makes a crucial difference because the defendant for purposes of the burglary statute had a legal right to be on the premises with his wife at the time of the entry.
One of the essential characteristics of the marriage relationship is consortium. Consortium means much more than sexual relation and means, also, affection, solace, comfort, companionship, conjugal life, fellowship, society and assistance so necessary to a successful marriage. Gates v. Foley, 247 So.2d 40, 43 (Fla. 1971). Consortium necessarily implies that each spouse has a legal right to be with the other spouse which relationship neither one can unilaterally terminate. Kennedy v. Kennedy, 101 Fla. 239, 244-45, 134 So. 201, 203 (1931).
In the instant case, the defendant and his wife were married at the time of the entry into the subject apartment. No final decree dissolving the marriage and no legal separation agreement, restraining order or court decree limiting or ending consortium rights had been entered. The defendant, therefore, had a legal right to be with his wife on the subject premises at the time of entry which must preclude the application of the burglary statute. He did not, of course, have a legal right to physically abuse her and for his attack upon her he was properly convicted of battery.
Domestic disputes such as that reflected by this record present persistent and perplexing problems for the police and the courts. Traditionally, the criminal law has intervened in such disputes at the point of threatened or actual violence against either spouse, or when one spouse steals the separate property of the other spouse. State v. Herndon, 158 Fla. 115, 27 So.2d 833 (1946); Grantz v. State, 268 So.2d 572 (Fla.4th DCA 1972). See also Bullard v. Bullard, 195 So.2d 876 (Fla.2d DCA 1967). No prior case, however, has ever applied our burglary statute or any of its predecessor statutes to a domestic dispute between husband and wife where one spouse forcibly enters premises possessed by the other spouse without the latter's consent. Moreover, our independent research indicates that no court in any other jurisdiction has so applied its burglary statutes. Such disputes in which one spouse bars the other spouse from certain premises occupied by one or both spouses have been treated as purely civil disputes which can only be resolved under the marriage dissolution and domestic relations laws, not the criminal law.
We conceive this well-settled part of our law to fully comport with the legislative purpose of the burglary statute. The statute is designed to protect people in the quiet enjoyment of their possessory property rights in structures and conveyances against criminal invasions by outsiders, not entries by persons occupying a marital or immediate familial relationship with the legal possessor. We cannot conceive that the legislature intended to apply the burglary statute with its harsh criminal penalties to domestic disputes within the immediate family unit over the right to be on certain premises. Such disputes have been and should continue to be treated as purely civil matters to which the burglary statute is inapplicable. We see no valid reason for departing from this sound and well-established precedent.
The defendant's conviction and sentence for battery is hereby affirmed. The defendant's conviction and sentence for burglary is hereby reversed and the cause remanded to the trial court with directions to discharge the defendant on the burglary charge only.
Affirmed in part and reversed in part.
*1098 HAVERFIELD, Judge (concurring in part and dissenting in part).
I concur with the majority in sustaining the battery conviction. However, I am compelled to dissent with respect to the reversal of the burglary conviction because I do not believe that the subject apartment can be classified as the marital abode of the parties.
The general rule is that with respect to the crimes of burglary or breaking and entering, the ownership of the premises should be laid in the actual occupant, the party in possession and control thereof. Addison v. State, 95 Fla. 737, 116 So. 629 (1928). For such offenses involve an invasion of the possessory rights of another. Holzapfel v. State, 120 So.2d 195 (Fla.3d DCA 1960). Further, a dwelling house loses its character as such within the meaning of the statute providing punishment for breaking and entering a dwelling house if the occupant leaves without the intention of returning to occupy it as a dwelling. Henderson v. State, 80 Fla. 491, 86 So. 439 (1920). Last, even where the premises is classified as community property of the husband and wife and the husband abandons his wife and the property, then ownership may be charged to the wife. See 13 Am.Jur.2d Burglary § 38 at p. 344 (1964).
Reviewing the case sub judice in light of the above principles of law, the evidence is undisputed that defendant husband left the subject apartment over one year prior to the burglary with no intention of ever returning to occupy it as his dwelling. Thus, I can only conclude that he abandoned the premises, and the victim, his wife, was the sole occupant and had the possessory rights thereto. Balletti v. State, 261 So.2d 510 (Fla.3d DCA 1972) relied upon by defendant is easily distinguishable from the case at bar because in Balletti the residence was jointly owned by the wife and the husband and though separated, the husband retained a set of keys to the residence; and the defendant therein, a third party, had entered the residence at the direction and consent of the husband. Defendant in the instant case retained no keys to the apartment and gained entry only by actually breaking down the door. The premises no longer being in the nature of the marital abode and defendant no longer having a legal right to be there because he long ago had abandoned both his wife and the apartment, the evidence was sufficient to sustain the burglary conviction.
Last, I cannot accept the reasoning of the majority that simply because no final dissolution of marriage judgment, legal separation agreement, restraining order or court decree limiting or ending consortium rights had been entered at the time of the criminal occurrence, the defendant is excepted from the burglary statute. If the legislature had so intended, then it would have written such an exception into the statute. I, therefore, would affirm both judgments of conviction.