359 So.2d 901 (1978)
Michael Glenn WILSON, Appellant,
v.
The STATE of Florida, Appellee.
No. 77-394.
District Court of Appeal of Florida, Third District.
June 6, 1978.
Rehearing Denied July 7, 1978.
Max P. Engel and Don Cohen, Miami, for appellant.
Robert L. Shevin, Atty. Gen., for appellee.
Before HENDRY, HUBBART and KEHOE, JJ.
HUBBART, Judge.
The defendant Michael Glenn Wilson appeals from a conviction and sentence for burglary while armed, shooting into an occupied dwelling, aggravated assault, and battery, entered after a jury trial in the Circuit Court for the Eleventh Judicial Circuit *902 of Florida. The defendant contends on appeal that the trial court erred in denying the defendant's motion of judgment of acquittal on all charges made at the close of the state's case and renewed at the close of all the evidence; and that the trial court erred in denying the defendant's motion for a mistrial based on the prosecuting attorney's cross-examination of the defendant at trial. We reject both contentions as lacking in merit and affirm.
The evidence adduced at the trial relating to the defendant's guilt is overwhelming on all the charges for which he was convicted. The trial court was eminently correct in denying the defendant's motions for judgment of acquittal at trial. As to the burglary charge, the state clearly established that the defendant entered his father-in-law's house without the consent of said father-in-law for the purpose of assaulting his wife who temporarily resided therein. Such an act without question constitutes a burglary within the meaning of Section 810.02, Florida Statutes (1975).
The defendant's reliance on Vazquez v. State, 350 So.2d 1094 (Fla.3d DCA 1977), is misplaced. In that case, the court held that it is not a burglary for a husband who is physically separated from his wife to enter upon premises possessed by his wife without the wife's consent with the intent to commit an offense therein if there is no legal separation agreement, restraining order or court decree limiting or ending consortium rights of the parties. In the instant case, the premises herein were indisputably possessed by the wife's father wherein the wife temporarily resided thereby rendering Vazquez inapplicable. Contrary to the defendant's contention, Vazquez does not stand for the sweeping proposition that an estranged husband may enter without criminal liability upon the premises of any person wherein his wife may temporarily be present. The holding of the case is confined solely to premises possessed by the wife wherein the husband has a legal right to be, not to premises possessed as here by a third party.
We further find no merit in the defendant's contention that the trial court erred in denying the defendant's motion for a mistrial based on a question propounded by the prosecuting attorney to the defendant upon cross-examination when such defendant testified at trial. The defendant made no objection to such question and we do not find that the question or the answer given warranted a mistrial. Perry v. State, 146 Fla. 187, 200 So. 525 (1941).
Affirmed.