382 So.2d 840 (1980)
STATE of Florida, Appellant,
v.
Leroy Franklin CLADD, Appellee.
Nos. 79-1864, 79-1865.
District Court of Appeal of Florida, Second District.
April 16, 1980.
Jim Smith, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellant.
Jack O. Johnson, Public Defender, and Michael E. Raiden, Asst. Public Defender, Bartow, for appellee.
GRIMES, Chief Judge.
This appeal involves the question of whether a husband can be guilty of burglary of an apartment occupied by his estranged wife.
The state charged appellee with having committed the crimes of burglary[1] and attempted *841 burglary[2] on consecutive days. He filed a motion to dismiss alleging certain facts relative to the charges. The state did not deny these facts but produced the testimony of the victim in order to furnish additional details. The court dismissed the charges upon the authority of Vazquez v. State, 350 So.2d 1094 (Fla. 3d DCA 1977).
The record reflects that appellee and his wife had been separated for approximately six months, although there was no formal separation agreement or restraining order. The wife had rented a separate apartment in which appellee had no ownership interest. One morning, appellee broke through the locked door of the apartment with a crowbar, struck his wife in the mouth and tried to throw her over the second floor stair railing. Early the following morning he came back and attempted to break in again but left when the police arrived.
While Vazquez is partially distinguishable on the facts, its rationale is directly on point. In Vazquez the parties had been physically separated for a year, and as in the present case there were no legal separation or restraining orders. The bills to the apartment in which the wife continued to live were still made out in the husband's name, but he had not paid them. The husband broke into the apartment and injured his wife by striking her with his fists. The district court of appeal affirmed a conviction for battery but reversed a burglary conviction. The court held that consortium, which is one of the essential characteristics of the marriage relationship, includes the right of one spouse to be with the other. Hence, the court reasoned, the husband had a legal right to be with his wife on the premises at the time of the entry and as a consequence could not be convicted of burglary.
With all due respect, we are constrained to disagree with Vazquez. We find more persuasive Judge Haverfield's dissenting opinion in which he stated that when the husband abandoned the marital abode and no longer retained the key or any ownership interest, he violated the possessory rights of another by breaking into the apartment and therefore was guilty of burglary.
The majority opinion in Vazquez emphasizes that domestic disputes ought ordinarily to be treated as civil matters rather than ones involving the harsh penalties of the criminal process. This is a sound observation, but there is nothing in the burglary statute which states that it is inapplicable to marital disputes. The answer to keeping most marital acrimony out of the criminal courts lies in the sound exercise of discretion by our state attorneys. Assuming the truth of the facts reflected by the record, this case is a good illustration of the occasional dispute in which prosecution is warranted.
Our supreme court recognized that there are exceptions to the strict application of the doctrine of marital unity when it held that one spouse can be guilty of larceny of the other's separate property. State v. Herndon, 158 Fla. 115, 27 So.2d 833 (1946). Until the marriage bonds are dissolved, it may be that each spouse has the legal right to the other's company. However, we do not believe that this includes the right to enter the other's apartment without permission with the intent to assault the other. Upon the facts as stated, we hold that burglary and attempted burglary convictions could stand. Therefore, the order of dismissal is
REVERSED.
BOARDMAN and RYDER, JJ., concur.
NOTES
[1] Entering a private structure of another without permission with intent to commit an assault and in the course thereof making an assault.
[2] Attemtping to enter a private structure of another without permission with the intent to commit an assault.