398 So.2d 442 (1981)
Leroy Franklin CLADD, Petitioner,
v.
STATE of Florida, Respondent.
No. 59113.
Supreme Court of Florida.
April 30, 1981.
*443 Jack O. Johnson, Public Defender, and Michael E. Raiden and Douglas A. Lockwood, Asst. Public Defenders, Bartow, for petitioner.
Jim Smith, Atty. Gen., Charles Corces, Jr., Asst. Atty. Gen., Tampa, and Lawrence A. Kaden, Asst. Atty. Gen., Tallahassee, for respondent.
ALDERMAN, Justice.
The sole issue presented for review is whether a husband, who is physically but not legally separated from his wife, can be guilty of burglary when he enters premises, possessed only by the wife and in which he has no ownership or possessory interest, without the wife's consent and with intent to commit an offense therein. The District Court of Appeal, Second District, answered this question in the affirmative in the present case[1] and thereby created conflict with Vazquez v. State, 350 So.2d 1094 (Fla. 3d DCA 1977), cert. denied, 360 So.2d 1250 (Fla. 1978). We hold that the Second District correctly decided that, under the particular facts of this case, the defendant could be guilty of burglary of his estranged wife's apartment, and we approve its decision.
The factual situation is narrow. The defendant and his wife had been separated for approximately six months, although there was no formal separation agreement or restraining order. He had no ownership or possessory interest in his wife's apartment and had at no time lived there. One morning, he broke through the locked door of her apartment with a crowbar, struck her, and attempted to throw her over the second floor stair railing. The next morning, he again attempted to break into her apartment but left when the police arrived.
The defendant was charged with burglary and attempted burglary.[2] Although conceding that his wife did not in fact consent to his entry into her apartment, he moved to dismiss the charges on the basis that since the victim was his wife, he was licensed or invited to enter her apartment as a matter of law. He then contended that, if he had the right to enter the apartment, he could not be guilty of burglary or attempted burglary. Relying upon Vazquez v. State, the trial court dismissed the charges. The State appealed, and the Second District, expressly disagreeing with the rationale of the Third District in Vazquez, reversed. The Second District held that although each spouse may have the legal right to the other's company, this does not include the right to break and enter the other's apartment with intent to commit an offense therein.
In Vazquez, the Third District held that since the husband in that case had the legal right to be with his wife, he could not be guilty of burglary when he broke into her apartment. Judge Haverfield, however, expressing the view later adopted by the Second District, dissented to the reversal of the burglary conviction. Pointing out that the victim's wife had the sole possessory rights to the apartment and that defendant had gained entrance only by actually breaking down the door and finding that the evidence was sufficient to sustain the burglary conviction, he concluded that the wife's apartment was not a marital abode and defendant no longer had a legal right to be there.
*444 Later, in Wilson v. State, 359 So.2d 901 (Fla. 3d DCA), cert. denied, 365 So.2d 716 (Fla. 1978), the Third District addressed the issue of whether entry into a father-in-law's home, where defendant's wife was temporarily residing, with intent to assault her constituted burglary. Distinguishing Vazquez on the basis that, in Wilson, the premises were possessed by the wife's father, the Third District affirmed defendant's burglary conviction and said that the husband's legal right to be with his wife did not establish consent where the wife was living in premises which were not solely possessed by her. The right of consortium alone was not sufficient to give the husband a right of entry into these premises. Yet, the legal right of consortium was the basis upon which the Third District premised its determination of implied consent in Vazquez.
We reject the defendant's contention that the marriage relationship and the right of consortium deriving therefrom preclude the State from ever establishing the nonconsensual entry requisite to the crime of burglary, and we disapprove the Third District's contrary ruling in Vazquez. Since burglary is an invasion of the possessory property rights of another, where premises are in the sole possession of the wife, the husband can be guilty of burglary if he makes a nonconsensual entry into her premises with intent to commit an offense, the same as he can be guilty of larceny of his wife's separate property. In State v. Herndon, 158 Fla. 115, 27 So.2d 833 (1946), discussing a wife's separate property rights, we held that a husband could be charged with the larceny of his wife's separate property, and we explained:
In a society like ours, where the wife owns and holds property in her own right, where she can direct the use of her personal property as she pleases, where she can engage in business and pursue a career, it would be contrary to every principle of reason to hold that a husband could ad lib appropriate her property. If the common-law rule was of force, the husband could collect his wife's pay check, he could direct its use, he could appropriate her separate property and direct the course of her career or business if she has one. We think it has not only been abrogated by law, it has been abrogated by custom, the very thing out of which the common law was derived.
27 So.2d at 835. The defendant's consortium rights did not immunize him from burglary where he had no right to be on the premises possessed solely by his wife independent of an asserted right to consortium.
The defendant's estranged wife was in sole possession of the premises into which he broke with intent to assault her. The district court correctly reversed the trial court's dismissal of the burglary and attempted burglary charges.
Accordingly, we approve the district court's decision that burglary and attempted burglary convictions could stand.
It is so ordered.
ADKINS, OVERTON and McDONALD, JJ., concur.
BOYD, J., dissents with an opinion.
ENGLAND, J., dissents with an opinion, with which SUNDBERG, C.J., concurs.
BOYD, Justice, dissenting.
Under long-established principles of Anglo-American law, one of the essential incidents of the marital state is the right of spouses to the company and comfort of one another. This right is referred to as the right of consortium.
Consortium is so basic as an incident of marriage that it should not be undermined except by a clear legislative statement of the public policy of this state. The legislature should reconcile the matter of consortium rights with the elements of any crime, and should do so very carefully when dealing in the context of a crime carrying a possible sentence of life imprisonment. See § 810.02(2), Fla. Stat. (1977).
In Vazquez v. State, 350 So.2d 1094 (Fla. 3d DCA 1977), cert. denied, 360 So.2d 1250 (Fla. 1978), the District Court of Appeal, Third District, construed the burglary statute *445 we have before us in this case. The facts of the situation were almost identical to those we have here. The Vazquez case was the first construction of the burglary statute in the context of the situation of a spouse who forcibly enters the premises of his marriage partner living separately but without any legally established separation.
In Wilson v. State, 359 So.2d 901 (Fla. 3d DCA 1978), cert. denied, 365 So.2d 716 (Fla. 1978), the third district distinguished Vazquez and held that the burglary statute could be applied to a husband who forcibly entered his separated wife's father's home for the purpose of attacking her.
The legislature has met a number of times since the principles of the Vazquez and Wilson cases were announced. I believe the fact that the legislature failed to modify or clarify the burglary statute in response to the judicial development of these principles indicates that the legislative intent was properly derived in those cases.
It appears from the situation under consideration that perhaps the petitioner should be charged with violating some criminal statute of Florida, but not burglary with its possible penalty of life imprisonment.
I would therefore quash the district court decision and adopt the Vazquez rule as applicable to this case.
ENGLAND, Justice, dissenting.
Like an anxious Pandora endeavoring to stuff the ills of the world back into her box, the majority endeavors to confine interspousal crimes to the factual situation of this case. As Pandora and the world sadly learned, however, once the box is opened there is no way to contain the ephemeral evils which escape.
The majority today holds that one spouse may commit burglary against another. This new common law doctrine has emanations which go far beyond this case.[1] This becomes evident when the case is viewed preliminarily from the perspective of what is not here involved.
First, this is not a prosecution for assault. Any discussion with regard to the husband's physical abuse or intended physical abuse of his wife is extraneous to the legal question presented. Mr. Cladd may or may not be prosecuted for his violent acts toward his wife's person. Whether that occurs is beside the point.
Second, this case does not involve spouses who are divorced, legally separated, or already in court in a pending dissolution proceeding. The husband and wife here are married, and there is no objective, legal manifestation that their marriage or interpersonal relations are being unwound. That they live apart, it will be seen, is quite irrelevant to the legal issue posed.
Third, this case does not entail a situation where separately-owned property, purchased or inherited by the wife, was established as a residence apart from her husband's. The record here only shows that Mrs. Cladd's living accommodations were separate from her husband's. We do not know who purchased the furnishings and fixtures, whether they came from a residence which had been occupied jointly, or even whether the separate abode was a second or alternative home.
When these matters are removed from the legal considerations, this case boils down to a husband's uninvited entry onto premises which the wife occupies away from the marital home. This situation is legally indistinguishable from other situations in which a separate residence is maintained by one or both spouses and in which one is temporarily residing, such as a summer home, a winter ski lodge, a vacation cottage at the seashore, a temporary, rented, haven from marital incompatibility, a remote wing or separate building on jointly occupied property (such as a studio-garage *446 in which one spouse alone works), or even a separate bedroom in which one spouse may be seeking a retreat in the marital home. The record of this proceeding nowhere indicates that the wife had a separate possessory interest in the property she placed in her separate facility. We do not know whether the six-month separation of these spouses was the result of estrangement, a mutually agreed-upon cooling off period, a segregated vacation plan, or some other reason. Mr. Cladd here, I submit, was simply charged with illegal entry into a place where his wife claimed sanctuary from their common residence. The manner of entry and the purpose for entry may prompt judicial concerns for the wife's welfare, but the parties' motives or state of mind will prove an unreliable touchstone for criminal prosecutions of this sort, I predict.
The effect of today's decision is to bring prosecuting attorneys into marital disputes in a way which is unprecedented in Florida or elsewhere.[2] I confess I am not comfortable with the Third District's analysis of the basis for rejecting burglary prosecutions in these situations  a right of cohabitation or consortium. Those concepts connote marital harmony, and here we have obvious discord. I am quite comfortable, however, with the thought that our criminal courts should not be involved, in fact or as a threat, in domestic disputes which involve an invasion of one spouse's claim of separateness or privacy. Personal assaults, I repeat, are different, and in those cases perhaps different considerations should pertain.
SUNDBERG, C.J., concurs.
NOTES
[1] State v. Cladd, 382 So.2d 840 (Fla. 2d DCA 1980).
[2] Burglary means entering or remaining in a structure or a conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter or remain. Section 810.02, Florida Statutes (1977). It is a crime that involves primarily the invasion of possessory property rights of another. Cannon v. State, 102 Fla. 928, 136 So. 695 (1931).
[1] One cannot help but wonder, for example, what effect this case will have on the doctrine of interspousal immunity, preserved by a one-vote majority of this Court on the basis, among others, of the legal fiction that marriage creates a unity of interests which prevents suit by one spouse against the other. See Raisen v. Raisen, 379 So.2d 352 (Fla. 1979).
[2] See Administrative Order of Circuit Judge James W. Kehoe, authorizing the creation of the Family Division of the Circuit Court  Family Civil Department. Case No. 77-1 (July 1, 1977).