[Crim. No. 2605. First Dist., Div. Two. May 25, 1950.]

THE PEOPLE, Respondent, v. RAY GARCIA, Appellant.

Noal R. Gray for Appellant.

Fred N. Howser, Attorney General, David K. Lener, Deputy Attorney General, Edmund G. Brown, District Attorney, and Francis Mayer, Assistant District Attorney, for Respondent.

NOURSE, P. J.—Defendant was tried to a jury and convicted of a violation of the Deadly Weapons Act (Stats. 1923, p. 695; Deering's Pen. Code Appendix, p. 774). The charge

of a prior conviction of a felony and release on parole was admitted.

The evidence showed that defendant and a companion were driving a car about the streets of San Franscisco at about 11 p. m., and were followed by two members of the police force whose suspicions were aroused and who stopped the car for investigation. As one of the officers opened the door of the car in which defendant was riding he saw defendant slip a gun under the seat. When ordered out of the car the defendant said: "Here I go back again." "Back to Quentin." When asked the meaning of those remarks the defendant explained that he was on parole. The Deadly Weapons Act declares it a felony for any person to have in his possession or control a deadly weapon when such person had been previously convicted of a felony.

■ Three grounds are urged for a reversal of the judgment. First, that under section 1 of article I of the state Constitution all men are guaranteed the right to bear arms for the protection of their life, liberty and property. Hence it is said the penal statute is unconstitutional. It has been held that the statute is a proper exercise of the police power of the State enacted for the safety and general welfare of society. (*People* v. *Cordero*, 50 Cal.App.2d 146 [122 P.2d 648].) It has also been held that a similar statute relating to the possession of weapons by those confined in a state prison did not violate section 1 of article I of the Constitution nor the Second Amendment to the federal Constitution which gives a citizen the right to keep and bear arms. (*People* v. *Wells*, 68 Cal.App.2d 476 [156 P.2d 979].)

■ Second, that there is a variance between information and proof in that it was charged that defendant did "own and have in his possession" such a weapon and there was no proof of ownership. The statute is in the disjunctive reading, "own *or* have in his possession." Since the proof of possession was complete the defendant was not prejudiced by the wording of the information, and proof of possession alone is sufficient to support the judgment. (*People* v. *Gonzales*, 72 Cal.App. 626 [237 P. 812].)

■ Finally, it is argued that defendant was subjected to an unconstitutional search and seizure when the officers stopped him without warrant and took the gun from his possession. Reliance is made on *Byars* v. *United States*, 273 U.S. 28 [47 S.Ct. 248, 71 L.Ed. 520]. That case is typical of those following the federal rule. But the authori-

ties are in accord that the federal Constitution does not affect the right of the State to use evidence seized in this manner. (*People* v. *Mayen,* 188 Cal. 237 [205 P. 435, 24 A.L.R. 1383] ; *People* v. *Gonzales,* 20 Cal.2d 165 [124 P.2d 44].)

We should note that counsel for appellant did not try the case in the superior court. He appears here on assignment of this court because appellant was unable to procure counsel. We express our appreciation of his voluntary efforts on behalf of appellant.

The judgment and the order denying a new trial are each affirmed.

Goodell, J., and Dooling, J., concurred.