**AKRON (City), Plaintiff, v. WILLIAMS, Defendant.**

Akron Municipal Court.

No. 281767.   Decided September 14, 1960.

500

Paul M. McKosky, Prosecutor, for the City of Akron.
Thomas S. E. Brown, Akron, for defendant.

## OPINION

By PRICE, J.

This action arises out of the filing of an affidavit charging the defendant with a violation of Chap. 25 Sec. 78 of the Akron City Code, (now Sec. 369.02 Code of the City of Akron 1960) which provides:

(a) No person who has been convicted of a felony in any court of the United States, the several states, territories, possessions, commonwealth countries or the District of Columbia, or who is a fugitive from justice or of unsound mind or a drug addict or an habitual drunkard, shall possess a firearm within this City.

(b) No person who is a member of a subversive organization shall possess a firearm within this City.

(c) No person under the age of eighteen shall possess a pistol. The provisions of this paragraph shall not apply to the issue of pistols to members of the Armed Forces of the United States, active or reserve, State Militia, or ROTC, when on duty or training, or to the temporary loan of pistols for instruction under the immediate supervision of a parent, guardian or adult instructor.

(d) No person shall sell, lease, lend or otherwise transfer a pistol to any person under eighteen years of age except as provided in paragraph (c) above. (Ord. 982-1957. Passed 10-29-57.)

The defendant, a man who had been convicted of a felony, had in his home in his possession a firearm in violation of the above quoted section of the Akron City Code.

The defendant has properly raised the question of the constitutionality of the ordinance upon which the charge is based.

The Constitution of the State of Ohio provides:

**Art. XVIII, Sec. 3, Ohio Constitution.**

Municipalities shall have authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws.

The ordinance under consideration is of uniform operation since it applies equally to all who are within the classes to be affected, embracing all persons who are or may be in like situations and circumstances and certainly with the exception of one class which will be discussed in this opinion, the designation of classes is reasonable, not un-

just, capricious or arbitrary. The designations of class do bear a relation to the public safety and welfare and it would seem that the ordinance would supply a protection to the citizens of the City of Akron by restricting the rights of felons, drunkards, members of subversive organizations and minors. It would appear that the legislative authority has used sound discretion in designating those classes with the intent and purpose of providing the citizens of Akron with additonal protection from potentially dangerous sources.

Certainly laws and ordinances forbidding the unlawful use of firearms for the purpose of terrorizing others, or to the annoyance and danger of others are constitutional and valid. **State v. Nito, 101 Oh St 409;** State v. Huntley, 3 Ired. (N. C.), 418; State v. Roten, 86 N. Car., 701; Galvin v. State, 6 Coldw. (Tenn.), 284. However, that is not the case here. The ordinance under consideration does not relate to an unlawful use but rather to the bare right of possession by persons in certain designated classes.

Certainly municipalities, by virtue of the powers granted in the above quoted section of the Constitution, may adopt and enforce police regulations; but certainly these regulations may not conflict with nor take away rights which have been specifically granted to the people by other sections of the Constitution.

**Art. 1, Sec. 1, Ohio Constitution.**

All men are, by nature, free and independent, and have certain inalienable rights, among which are those of enjoying and **defending life and liberty,** acquiring, possessing, and **protecting property,** and seeking and obtaining happiness and safety.

**Art. 1, Sec. 4, Ohio Constitution.**

**The people have the right to bear arms for their defense and security;** but standing armies, in time of peace, are dangerous to liberty, and shall not be kept up; and the military shall be in strict subordination to the civil powers.

To determine whether or not an ordinance adopted under the local self-government powers granted in the above quoted **Section 3, Art. XVIII, Ohio Constitution,** is in conflict with general laws or with specific provisions of the Constitution, one must examine the Constitution and general laws and the ordinance to discover whether the ordinance permits or licenses that which the Constitution or statute prohibits, or vice versa. **Village of Struthers v. Sokol, 108 Oh St 263.**

The Constitution of the State of Ohio grants to the people the right to defend life and property and to acquire and protect property. The Constitution further provides in **Section 4, Article I,** the means by which the people may protect life and property, that means being the right to bear arms. Certainly a person may protect his home and life by such means as are necessary to repel the assailant, even to the taking of life. **State v. Peacock, 40 Oh St 333.** Can the ordinance in question in this action be valid in taking from the citizens the right to protect their lives and property by removing from them the right to possess the means to protect life and property?

It is true that statutes prohibiting the carrying of concealed weapons have been held a proper exercise of the police power of the State. How-

ever, it is to be noted that such a statute does not take away or prohibit the right to carry or bear arms, it merely regulates the manner of carrying them. **State v. Nito, 101 Oh St 409.** Certainly there is a vast difference between the regulation of the manner in which an act may be done and a complete and total prohibition or restriction of the act. The power to regulate is, of course, subject to the limitation that its exercise be reasonable and it cannot constitutionally result in the prohibition of the possession of those arms which by the common usage and opinion of law-abiding people are proper and legitimate to be kept upon private premises for the protection of person and property. State v. Brown, 253 Mich., 537; 235 N. W., 245.

The gist of the offense of carrying concealed weapons is the concealment, which, of course, does not prohibit the carrying or bearing of arms openly.

It is the opinion of this Court that an ordinance may not deprive the people generally of the right to bear arms guaranteed by the Constitution.

The question remains, can the ordinance in question deprive the people of the designated classes of the right guaranteed to the people generally? While a weapon or firearm is not contraband it can be dangerous. It is possible that a drunkard may misuse a firearm if he is permitted to possess one. However, it is also true that many drunkards would not and as a matter of fact have not and will not misuse firearms. Certainly there can be no objection to the prohibition against **misuse** or **unlawful use** of firearms and such regulatory statutes are common in all of the States. Can then the mere possibility of misuse be the basis for depriving a person of the right guaranteed by the Constitution and thereby become the grounds for a conviction of a criminal offense?

The convicted felon has shown that he can be a danger to society; on the other hand when a felon has paid the penalty for his crime and has been restored to all of his rights as a citizen is he then in all cases such a second class citizen as not to be entitled to the rights and protection of the Constitution and shall he be deprived of the means of protecting his life, home and property? Must the convicted felon sit idly by and watch marauders destroy or steal his property? If it is a crime or misdemeanor for a convicted felon to possess firearms, what is he to use to prevent such depredations upon his property? If it is a crime for the felon to possess a firearm what meaning can the provisions of **Art. 1, Section 1, Ohio Constitution,** have for him? State v. Zerillo, 219 Mich., 635, 189 N. W., 927.

One of the elements for conviction required in one of the classes named in the ordinance is proof of unsound mind. Such a requirement in an ordinance is an anomaly and requires no comment by this Court since the ordinance is clearly improper for other reasons.

It is also true that alcohol in very small quantities affects some people, especially those suffering from diabetes, more quickly and more severely than others, and in the event that the ordinance under discussion is proper and constitutional is it not possible that the legislative authority should deny the right to possess a firearm of all persons who drink alcoholic beverages?

The conclusion is inescapable that if the ordinance under consideration were held to be constitutional the constitutional right granted to the people to bear arms could soon be taken from the majority of the people at the will of legislative authority, people to whom the right has been saved by the Constitution for the purpose of protecting life and property and for the additional purpose of supporting just government. State v. Hogan, 63 Oh St 202.

With regard to Chap. 25, Sec. 78, paragraph (b) it is the opinion of this Court that the language of the ordinance is so indefinite that that paragraph must be held to be invalid.

It is the opinion of this Court that all of the people are entitled to the protection and the rights granted by Article I, Sec. 1, and Article I, Sec. 4, Ohio Constitution, and that those rights cannot be saved to some and taken from others at the will of the legislative authority.

If the ordinance in question were not in direct conflict with the specific provisions of the Constitution the question would still remain regarding conflict with general laws. The legislature has provided in §2923.01 R. C.:

"No person shall carry a pistol, bowie knife, dirk, or other dangerous weapon concealed on or about his person. This section does not affect the right of sheriffs, regularly appointed police officers of municipal corporations, regularly elected constables, and special officers as provided by §§311.07, 737.10, 1717.06, 1721.14 and 2917.32 R. C., to go armed when on duty. Deputy sheriffs and specially appointed police officers, except as are appointed or called into service under said sections may go armed if they first give bond to this state, to be approved by the clerk of the court of common pleas, in the sum of one thousand dollars, conditioned to save the public harmless by reason of any unlawful use of such weapons carried by them. Persons injured by such improper use may have recourse on said bond." . .

Sec. 2903.06 R. C.:

"No person shall sell, barter, furnish, or give to a minor under the age of seventeen years, an air gun, musket, rifle, shotgun, revolver, pistol, or other firearm, or ammunition therefor, or, being the owner or having charge or control thereof, knowingly permit it to be used by a minor under such age." . . .

It is the opinion of this Court that the State Legislature has preempted the field and that the ordinance in question regulating the possession of firearms prohibits in the case of §2923.01 R. C., that which the general law allows, and with regard to §2903.06 R. C., allows that which the general law prohibits, and is in conflict with the general law and therefore invalid.

It is the opinion of this Court that Chap. 24, Sec. 78 (now Sec. 369.02 Code of the City of Akron 1960) is unconstitutional and void and the case against the defendant is herewith ordered dismissed and the defendant discharged.