172 So.2d 520 (1965)
Raymond BENITEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 5004.
District Court of Appeal of Florida. Second District.
February 24, 1965.
*521 Joseph G. Spicola, Jr., Public Defender and Judge C. Luckey, Jr., Asst. Public Defender, Tampa, for appellant.
Earl Faircloth, Atty. Gen., Tallahassee, and Robert G. Stokes, Asst. Atty. Gen., Lakeland, for appellee.
BARNS, PAUL D., Associate Judge.
On Information, the appellant-defendant was charged, convicted, and sentenced for being guilty of violating Section 790.23, F.S.A. We affirm.
Section 790.23, F.S.A. reads:
"(1) It shall be unlawful for any person who has been convicted of a felony to own or to have in his care, custody, possession or control any pistol, sawed-off rifle or sawed-off shotgun. A sawed-off rifle or sawed-off shotgun is defined for the purposes of this section as being any rifle or shotgun with a caliber greater than twenty-two caliber and with a barrel less than eighteen inches long.
"(2) This section shall not apply to a person having been convicted of a felony whose civil rights have been restored."
Appellant's assignments of error are not addressed to any judicial act, but are addressed to the verdict of the jury; hence, they are insufficient in law, Appellate Rule 3.5(c), 31 F.S.A.; however, we will review appellant's point relied on for reversal, which is:
WAS THE STATE REQUIRED TO PROVE, PRODUCE OR SUBMIT EVIDENCE TO SHOW THAT APPELLANT'S CIVIL RIGHTS HAD NOT BEEN RESTORED?
Our answer to this proposition is in the negative. Paragraph (2) of § 790.23, F.S.A., is an exception to the rule of law prescribed in paragraph (1). Section 906.12, F.S.A., provides that, "No indictment or information for an offense created or defined by statute shall be invalid or insufficient merely for the reason that it fails to negative any exception, excuse or proviso contained in the statute creating or defining the offense." This statute is consistent with the decisional law as announced in Baeumel v. State, 26 Fla. 71, 7 So. 371, holding that if there is an exception in the enacting clause of a statute the party pleading must show that his adversary is not within the exception, but (as in the enactment of § 790.23, supra) if there is an exception in a subsequent clause, or a subsequent statute, that is a matter of defense, and is to be shown by the other party See also Ferrell v. State, 45 Fla. 26, 34 So. 220. "Matters *522 that are not essential elements of the offense, but are in the nature of a defense, need not be negatived in charging the offense." (Italics supplied). 17 Fla.Jur., § 33, p. 231. When matters need not be negatived, their negative need not be proved.
Affirmed.
SMITH, C.J., and SHANNON, J., concur.