195 So.2d 853 (1967)
George Clinton NELSON, Appellant,
v.
STATE of Florida, Appellee.
No. 35507.
Supreme Court of Florida.
February 22, 1967.
*854 Coe & Coe, Pensacola, for appellant.
Earl Faircloth, Atty. Gen., and James G. Mahorner, Asst. Atty. Gen., for appellee.
PER CURIAM.
This case is before us on appeal from the Court of Record of Escambia County, that court having upheld the validity of Florida Statute § 790.23, F.S.A.[1]
Defendant, previously convicted of a felony and his civil rights not restored, was, by information, charged with having in his possession a pistol in violation of Florida Statute § 790.23, F.S.A.
The trial judge denied defendant's motion to quash the information, the jury returned a verdict of guilty and defendant was sentenced to a term of six months to ten years.
Defendant has appealed, contending that, under § 12 and § 20, Declaration of Rights, Constitution of Florida, F.S.A. and the Fourteenth Amendment, Constitution of the United States, the Legislature may not "single out persons who have been convicted of crime and create of them a special class who shall be deprived of constitutionally protected rights unrelated to their punishment."
The constitutionality of Florida laws regulating the carrying of weapons[2] and conviction under the Statute in question[3] have been upheld but this Court has not passed directly upon the validity of F.S. § 790.23, F.S.A.
In other jurisdictions, statutes prohibiting a felon from possessing firearms have been held valid.[4] Appellant cites, as *855 authority to the contrary, an Ohio decision[5] which held invalid a city ordinance prohibiting possession of firearms by felons, fugitives and others as violative of the Constitution of the State of Ohio, which, be it noted, is relevantly to be distinguished from the pertinent provision of the Florida Constitution. The ordinance involved prohibited the possession of pistols by all convicted felons, whether or not civil rights had been restored. We are not by this precedent persuaded the Florida Statute here questioned is constitutionally infirm.
Inasmuch as the Second Amendment, Constitution of the United States, and § 20, Declaration of Rights, Constitution of Florida, are quite similar, we observe the Federal Firearms Act[6], prohibits commerce in arms by persons convicted of certain criminal offenses. The constitutionality of the Federal act was sustained[7], the Court holding the purpose of the act being to protect the public by preventing the possession of firearms by persons convicted of certain crimes or who are fugitives from justice. We think the purpose of the Florida Statute is fairly comparable with that of the Federal Statute.[8]
The statutory prohibition of possession of a pistol by one convicted of a felony, *856 civil rights not restored, is a reasonable public safeguard.
We uphold the validity of § 790.23 and affirm the judgment appealed from.
Affirmed.
THORNAL, C.J., and THOMAS, ROBERTS, DREW and CALDWELL, JJ., concur.
NOTES
[1] "Felons; possession of firearms unlawful; exception; penalty

(1) It is unlawful for any person who has been convicted of a felony in the courts of this state, or convicted of an offense in any other state, territory or country which if committed in Florida would be deemed a felony, to own or to have in his care, custody, possession or control any pistol, sawed-off rifle or sawed-off shotgun. A sawed-off rifle or sawed-off shotgun is defined for the purposes of this section as being any rifle or shotgun with a caliber greater than twenty-two caliber and with a barrel less than sixteen inches long.
"(2) This section shall not apply to a person having been convicted of a felony whose civil rights have been restored.
"(3) Any person convicted of violating this section shall be guilty of a felony, and upon conviction shall be punished by imprisonment in the state prison for not more than ten years."
[2] Davis v. State, 146 So.2d 892 (Fla. 1962); Carlton v. State, 63 Fla. 1, 9, 58 So. 486, 488 (1912):

"This section [§ 20, Declaration of Rights, Florida Constitution] was intended to give the people the means of protecting themselves against oppression and public outrage, and was not designed as a shield for the individual man, who is prone to load his stomach with liquor and his pockets with revolvers or dynamite, and make of himself a dangerous nuisance to society."
See, 13 Fla.L.J. 253 (1939).
[3] Benitez v. State, 172 So.2d 520 (Fla. App.2nd 1965); Maloney v. State, 146 So.2d 581 (Fla.App.2nd 1962).
[4] Cases v. United States, 131 F.2d 916 (C.C.A.1st 1942), cert. denied Cases Velazquez v. United States, 319 U.S. 770, 63 S.Ct. 1431, 87 L.Ed. 1718 (1943); United States v. Adams, 11 F. Supp. 216 (D.C. 1935); Jackson v. State, 37 Ala. App. 335, 68 So.2d 850 (1953), cert. denied 260 Ala. 698, 68 So.2d 853 (Ala. 1953); People v. Garcia, 97 Cal. App.2d 733, 218 P.2d 837 (D.C.A.1st 1950); People v. Camperlingo, 69 Cal. App. 466, 231 P. 601, 604 (D.C.A.2nd 1924):

"Acting within the scope of such power, the Legislature, by a proper classification of its citizens, has declared that persons heretofore convicted of a felony shall not possess firearms, and while such citizens are thus deprived of a natural right, in the judgment and discretion of the Legislature such deprivation tends directly to the accomplishment of the desired end. As has been indicated by the authorities cited herein, a reasonable basis exists for the classification of citizens of the state in the manner provided by the statute, and there can be no question of the uniformity of its operation upon all persons within the designated class.";
See 94 C.J.S. Weapons § 2d(2):
"Felons. It is within the legislative power to interdict the ownership or possession of firearms by persons convicted of a felony, or of a crime of violence. This classification is a reasonable one, and a statute making such a classification may properly ignore the element of criminal intent as an ingredient of the offense."
[5] City of Akron v. Williams, 172 N.E.2d 28 (Municipal Ct. of Akron, Ohio, 1960).
[6] 15 U.S.C.A. § 902(e) (f):

"(e) It shall be unlawful for any person who is under indictment or who has been convicted of a crime of violence or who is a fugutive (sic) from justice to ship, transport, or cause to be shipped or transported in interstate or foreign commerce any firearm or ammunition.
"(f) It shall be unlawful for any person who has been convicted of a crime of violence or is a fugutive (sic) from justice to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce, and the possession of a firearm or ammunition by any such person shall be presumptive evidence that such firearm or ammunition was shipped or transported or received, as the case may be, by such person in violation of this chapter."
[7] Cases v. United States, 131 F.2d 916 (C.C.A.1st 1942), cert. denied Cases Velazquez v. United States, 319 U.S. 770, 63 S.Ct. 1431 (1943).
[8] Cases v. United States, 131 F.2d 916, 921 (C.C.A.1st 1942):

"In the Act Congress sought to protect the public by preventing the transportation and possession of firearms and ammunition by those who, by their past conduct, had demonstrated their unfitness to be entrusted with such dangerous instrumentalities, and certainly no one can seriously contend that the test of unfitness which Congress established is irrelevant to this purpose. Surely it is reasonable to conclude that one who has been convicted of a crime of violence is the kind of a person who cannot safely be trusted to possess and transport arms and ammunition, and the fact that he may have reformed or that in some cases the test may operate harshly, does not invalidate the test."