MORROW, RUSSELL 0„ Associate Judge.
This is an appeal from a judgment of guilty and sentence of the appellant in the Criminal Court of Record for Palm Beach County. The appellant was charged in three counts as follows: Count One with assault with intent to commit rape; Count Two with lewd and lascivious assault; and, Count Three with assault and battery. The state was required to make an election between Counts One and Two, and chose Count Two on which to proceed. The court ruled that Count Three was a lesser included offense to Count Two and struck *612 it over appellant’s objection. The jury found appellant guilty of Count Two. A motion for a new trial was filed and denied.
The main question on appeal is whether Count Two stated an offense under the law and whether it was error to permit the appellant to be tried on said count. Count Two is as follows :
“Informant aforesaid, under oath, further information makes that JIMMY BASS on the 23rd day of June, 1970 in the County and State aforesaid, unlawfully did handle, fondle or make an assault upon DEBORAH LYNN KELLEY, a female child under the age of fourteen years, in a lewd, lascivious and indecent manner, to-wit: did grab said DEBORAH LYNN KELLEY and strike her about the face with intent to have sexual intercourse with the said DEBORAH LYNN KELLEY, contrary to Florida Statute 800.04 [F.S.A.], . . .”
Section 800.04, Florida Statutes 1969, F.S.A., provides:
“Any person who shall handle, fondle or make an assault upon any male or female child under the age of fourteen years in a lewd, lascivious or indecent manner, or who shall knowingly commit any lewd or lascivious act in the presence of such child, without intent to commit rape where such child is female, shall be deemed guilty of a felony and punished by imprisonment in the state prison or county jail for not more than ten years.”
Count Two omitted the words, “without intent to commit rape,” and included the words, “did grab said DEBORAH LYNN KELLEY and strike her about the face with intent to have sexual intercourse . . . ”
We find this to be error but not fatal error. In the first instance Count Two ended with these words, “contrary to Florida Statute 800.04 [F.S.A.].” This apprised appellant of the statute under which Count Two was framed, which statute includes the omitted words. Appellant did not raise the question at arraignment or on motion prior to trial and for the first time raised it on motion for acquittal at the close of the state’s case. We find that this is too late for the question to be raised and appellant waived his right to so do.
The statutory definition of the crime of rape is:
“Whoever ravishes and carnally knows a female of the age of ten years or more, by force and against her will. . . .”
(F.S. § 794.01, F.S.A.).
This is far different from the charge of an assault “with intent to have sexual intercourse.” It can in nowise be said or inferred that the latter is an intent to commit the former. The court charged the jury on the definition of rape as aforesaid and further charged that it is a legal defense to the charge in Count Two, “. . . if the Defendant intended to commit forcible or common law rape against Debbie Lynn Kelley.” The court in effect held that the words “. . . without intent to commit rape . . . ” was a defense. We do not find this to be error.
Other points on appeal not covered by this opinion we find to be without merit.
The judgment appealed is affirmed.
Affirmed.
Reed, C. J., and Owen, J., concur.