PER CURIAM.
By information the appellant was charged with possession of a concealed weapon (in violation of § 790.01 Fla.Stat., F.S.A.), and possession of a firearm by a convicted felon (in violation of § 790.23(1). On trial before a jury he was acquitted of the former and convicted of the latter offense, for which he was sentenced to imprisonment for an indeterminate period of six months to a maximum of five years. This appeal ensued.
*17 The appellant contends the evidence established that subsequent to his prior conviction and prior to the filing of the information in this case his civil rights were restored, making the present charge inapplicable to him. The appellant also contends the court erred in admitting into evidence the firearm discovered on his person.
The statute under which the defendant was charged and convicted exempts those convicted felons whose civil rights have been restored. In the prosecution of the offense the state is not required to prove the non-existence of the exception. It is a matter of defense, to be established by the defendant. Benitez v. State, Fla.App.1965, 172 So.2d 520; Ferrell v. State, 45 Fla. 26, 34 So.220.
The defendant testified that his civil rights had been restored. No documentary evidence of such restoration was produced. Upon the prior conviction of the defendant for a felony in 1965 he had been placed on probation for five years. A parole officer who dealt with him during that time testified he had discussed with the defendant the matter of restoration of civil rights, and recommended he apply for a pardon; that an application made by the defendant for a pardon had been denied; that the parole officer had no record of restoration of the defendant’s civil rights, of which, had it occurred, he or his office normally would have been notified. On that evidence the jury could, and no doubt did find the exception did not apply here.
Appellant argues the court erred in overruling his objection to the introduction by the state of the gun into evidence, contending it was obtained on a search made upon an unlawful arrest. We find that contention to be without merit.
On a certain day one George B. Russell, a deputy sheriff of Monroe County, saw the firearm in the possession of the defendant. It was partially protruding from a pocket in his trousers. [The fact that the gun was partially visible appears to have been the basis for the defendant avoiding conviction of the charge of carrying a concealed weapon.] The officer arrested the defendant and recovered the gun from him. Presumably because the gun had been partially exposed, and because the officer was without knowledge of a prior conviction of the party arrested, the latter was released after the arrest, and the officer proceeded to consult with the state attorney to determine whether a prosecutable offense had occurred. The defendant was subsequently charged with the offenses noted above.
In the circumstances presented the initial arrest was proper, and therefore the seizure of the gun was equally proper. The fact that the defendant was not immediately incarcerated did not invalidate the arrest and the seizure of the weapon as made. No error was committed by the trial court in the admission thereof into evidence.
The judgment is affirmed.