391 So.2d 344 (1980)
Joe Louis PATTERSON, Appellant,
v.
STATE of Florida, Appellee.
No. 79-1587/T4-667.
District Court of Appeal of Florida, Fifth District.
December 17, 1980.
*345 Richard L. Jorandby, Public Defender and Robert C. Fallon, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee and Edwin H. Duff, III, Asst. Atty. Gen., Daytona Beach for appellee.
ORFINGER, Judge.
Appellant, convicted by a jury of burglary of a structure, contends that the trial court erred in not granting a directed verdict of acquittal made at the close of the State's case and renewed at the close of the defense case. The evidence of ownership is alleged to be insufficient. We affirm.
The motion for directed verdict of acquittal was based on the ground that "the State has not presented a sufficient amount of evidence so as to constitute a prima facie case... ." The specific ownership issue is presented for the first time on appeal. This motion is insufficient because it does not fully set forth the ground on which it is based. Rule 3.380(b), Florida Rules of Criminal Procedure; G.W.B. v. State, 340 So.2d 969 (Fla. 1st DCA 1976). A bare bones motion for directed verdict will not permit a defendant to raise every possible claimed insufficiency in the evidence. De La Cova v. State, 355 So.2d 1227 (Fla. 3d DCA), cert. denied, 361 So.2d 831 (Fla. 1978).
Even if it could be asserted that the motion was proper, the evidence below was sufficient to prove ownership for the purpose of charging burglary. The allegations of ownership in the information can be supported by proof of possession which is rightful against the burglar, and may consist of a special or temporary ownership, possession or control in the person alleged to be the owner. In the Interest of M.E., 370 So.2d 795 (Fla. 1979). The evidence here adequately supports the allegations of ownership in the victim.
AFFIRMED.
DAUKSCH, C.J., and SHARP, J., concur.