407 So.2d 252 (1981)
Carlos Wayne HICKS, Appellant,
v.
STATE of Florida, Appellee.
No. 80-1115.
District Court of Appeal of Florida, Fifth District.
December 2, 1981.
James B. Gibson, Public Defender, and Brynn Newton, Asst. Public Defender, and Julianne Piggotte, Certified Legal Intern, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Evelyn D. Golden, Asst. Atty. Gen., Daytona Beach, for appellee.
ORFINGER, Judge.
Appellant challenges his conviction for burglary of a dwelling on the ground, among others, that the trial court erred in not granting his motion to dismiss the information based on the specific ground that it failed to allege that appellant's entry into the dwelling was without the consent of the *253 owner or occupier.[1] On this point, the issue is whether a non-consensual entry is a necessary element of the crime of burglary which must be alleged and proved by the State, or whether consent is a matter of defense to be raised and proved by defendant. We hold that under the current burglary statute, non-consent to the entry is an essential element of the crime which must be alleged and proved by the State.
Section 810.02(1), Florida Statutes (1979), defines the crime of burglary as:
"Burglary" means entering or remaining in a structure or conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter or remain.
In State v. Thompson, 390 So.2d 715 (Fla. 1980), the Supreme Court confirmed the rule of construction asserted in Baeumel v. State, 26 Fla. 71, 7 So. 371 (1890), as follows:
In a statutory offense, it depends very much, though not exclusively, on the words of the statute, whether a particular matter is one of defense, or whether the negative of the matter enters into the definition of the crime. Therefore, as a general rule, we have what has already been laid down, namely, "if there is an exception in the enacting clause, the party pleading must show that his adversary is not within the exception: but, if there be an exception in a subsequent clause, or subsequent statute, that is a matter of defense, and is to be shown by the other party."
Baeumel, 7 So. at 372.
In Baeumel, the statute in question required all dealers in "spirituous, vinous or malt liquors" to pay a fee and secure a license before engaging in such sales, and all persons who sold such beverages were deemed dealers within the meaning of the act. There then followed a proviso that druggists could use such liquors in the preparation of prescriptions without being required to have such license. A defendant charged with violating the statute argued unsuccessfully that in order to charge him with a crime under the statute it was necessary for the State to allege and prove that he was not a druggist, but the trial court held and the supreme court agreed that
The enacting clause of the act ... under which plaintiff in error was convicted contains no exception or provision as to druggists, and therefore it was not necessary for the indictment to allege that the accused was not, at the time of the alleged sales, a druggist...
Id. at 373.
In Thompson, the court applied the same principle to section 790.221, Florida Statutes (1977), the statute proscribing possession of short barrelled rifles, short barrelled shotguns or machine guns, and held that the antique firearm exception in the statute was a matter of defense, rather than a necessary element of the crime to be alleged and proved by the State,[2] because of the placement of the exception language in the statute.
Applying the simply stated but difficult to apply rule to the issue at hand, we discern that in the current statute, the legislature has made the element of non-consent a part of the "enacting clause." Section 810.02(1) states the legislative definition of burglary, and that definition includes the phrase "... unless the premises are at the *254 time open to the public or the defendant is licensed or invited to enter or remain." If we eliminate this language in identifying the crime, we use only part, but not all, of the statutory definition.[3]
Prior to 1974, the burglary statute required a breaking and entering. Under that statute, the Supreme Court held that non-consent of the owner of the building was not an element of the crime, although it defined the element of "breaking" as the actual or constructive use of force in effectuating an unconsented to entry. State v. Jackson, 281 So.2d 353 (Fla. 1973). Thus, even under that statute, non-consent to enter was inferentially alleged when the information charged a "breaking," and had to be proved by either direct or circumstantial evidence.
When the legislature adopted the current statute, it eliminated "breaking" as an element, but it did not eliminate non-consent as a necessary ingredient of the crime. Under the old statute, the allegation in an information that a defendant did "break and enter" of necessity was an allegation that the entry was without consent. With the elimination of "breaking" as an element of the crime, the legislature placed the still present ingredient of non-consent into the statutory definition as an element of the crime. Whereas under the old statute non-consent was in effect alleged when a "breaking" was alleged, with "breaking" no longer required, it is necessary to directly allege the element of non-consent.[4]
An information must allege each of the essential elements of a crime to be valid; no essential element should be left to inference. State v. Dye, 346 So.2d 538 (Fla. 1977). Since the information omitted an essential element of the crime of burglary, which omission was specifically raised in the motion to dismiss, the court erred in not dismissing the information.
Since we hold that the motion to dismiss the information should have been granted, we need not discuss appellant's remaining points on appeal. The judgment of conviction is reversed and the cause is remanded for further proceedings consistent herewith.
REVERSED and REMANDED.
FRANK D. UPCHURCH, Jr., J. concurs.
COWART, J., dissents with opinion.
COWART, Judge, dissenting:
The crime of burglary is defined by section 810.02(1), Florida Statutes (1979):
"Burglary" means entering or remaining in a structure or conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter or remain.
Sections 810.02(2) and (3) declare that this crime is punishable as a third degree felony or, if additional elements are alleged and proved, authorize more serious penalties to be imposed.
The majority holds that the State is required to allege and prove in its case in chief nonconsent to enter the premises. I would hold that consent is an affirmative defense, to be raised by the defendant.
Baeumel v. State, 26 Fla. 71, 7 So. 371 (1890), states the correct test:

*255 [I]f there is an exception in the enacting clause, the party pleading must show that his adversary is not within the exception; but, if there be an exception in a subsequent clause, or subsequent statute, that is matter of defense, and is to be shown by the other party.
Id. at 372. [emphasis added].
The supreme court recently applied this test in State v. Thompson, 390 So.2d 715 (Fla. 1980),[1] to determine whether, in the crime of possession of a short-barreled shotgun, the State was required to allege and prove that the shotgun was not antique. The statute, in pertinent part, provided:
It is unlawful for any person to own or have in his care, custody, possession, or control any short-barreled rifle, short-barreled shotgun, or machine gun which is, or may readily be made, operable; but this section shall not apply to antique firearms.
§ 790.221(1), Fla. Stat. (1977).
The court, relying on the above emphasized language in the Baeumel test, held that the antique firearm exception was contained in a clause[2] separate from the enacting language, and thus established a defense, the burden of which was on the defendant to raise.
The burglary statute defines the crime as entering or remaining with the requisite intent, "unless ... the defendant is licensed or invited to enter or remain." The issue of consent is treated in a separate clause from the enacting language of the statute and under the analysis of Baeumel, Thompson and other cases, should therefore be considered an affirmative defense and not a fact to be negated by the State in its pleading and proof.
While, as the majority observes in footnote 3, the word "unless" is a conjunction joining a subordinate adverbial clause to the rest of a sentence it is also one of a group of conjunctions, common in law, which qualifies the main sentence. Other such words are "as long as" (as used in language describing any contractual condition subsequent), "provided, however," "but," "except" and "subject to." These terms are usually found where the main sentence broadly states or creates rights or duties in favor of one potential group of litigants (protagonists) which can be expected to be asserted against another group of litigants (antagonists), while the qualifying clause or phrase defines excluded or excepted matters which can be expected to be asserted by the antagonists as a limitation on the rights stated broadly in the main sentence in favor of their opponents.
Aside from pure statutory construction, the essential question involved in determining whether the State should be required in the first instance to allege and prove non-consent, or whether the question of consent should be left for the defendant to raise as an affirmative defense or matter in avoidance, is one of proper apportionment of the task of adducing evidence or allotting the burden of proof. Since the State must prove as part of its case in chief that the accused's act of entering or remaining in the structure was wrongful in that it was "with the intent to commit an offense therein," there is no constitutional problem involved concerning the prohibition of conduct essentially innocent or any encroachment upon the presumption of innocence initially in favor of an accused. Therefore, the burden of proof, or risk of non-persuasion, as to consent or nonconsent should be allocated according to the usual and logical rules of law. That burden is often said to be upon the party who has pleaded the fact alleged or the party to whose case the fact is essential. However, that usual inquiries beg the question in this case because that is the very matter in question. Besides, since this is a criminal case there is no affirmative pleading burden on the accused.
*256 Another consideration often suggested is that the burden of proving a fact should be on the party who presumably has peculiar means of knowledge enabling him to prove its truth or falsity. This usually means the one who will benefit from the assertion and proof of an affirmative, positive, specific fact, as distinguished from the difficulty of proving a negative  a "nothing"  which is like swatting at unseen sand flies, an unseemly exercise in an orderly trial. This concept of putting the burden of proof on the one who should know of the positive fact that will benefit himself usually has the advantage of fairness and of eliminating the useless, time consuming and futile attempt to prove a negative assertion.
As a matter of policy, in fairness and in the light of experience in the abuse of practice in similar situations, the burden of asserting consent here should fall on the accused. First, the practical problem is that in nearly every burglary case it can be readily suggested by the defense that any one of many persons could give exonerating consent. In burglary of dwellings commonly the owner, the landlord, the tenant, their spouse, child or servant or any occupant will be suggested to be a person who might give consent. In burglary of business structures the owner, every officer or employee of a corporate owner or business tenant, any occupant and their every agent and others will be readily suggested by the defense as some of the persons that the State must bring to court in every burglary trial in order to prove "beyond a reasonable doubt" that the accused did not have consent from anyone who would have given consent. If it is held that the burden is initially on the State in its case to negative all arguable sources of consent, then, similar to the situation in circumstantial evidence cases, the trial court will be faced with endless and unanswerable motions for judgments of acquittal where the defense argues that the State's proof is insufficient because, among other reasons, the State has not negatived a particular hypothetical source of consent and, thus, has not established a prima facie case. The same argument will be made to the jury as the basis for an reasonable doubt as to guilt. On this point the State will never be able to satisfy the imaginative defense counsel and the jury will be bewildered by the magnitude and ferocity of what should be a tame issue. On the other hand, in a case where the accused did honestly rely on a consent the defense can readily direct the inquiry to the source of the consent asserted and that issue can be efficiently considered on a motion under Florida Rule of Criminal Procedure 3.190(c)(4) or by the jury after trial of that issue in the defense's case. It should also be remembered that the weight of the burden of proof of the accused is much less than that of the State because the State has to carry its burden of persuasion to the point of excluding every reasonable doubt from the mind of every member of the jury, but the accused's "burden of proof" is actually never more than to merely present evidence sufficient to create or raise a reasonable doubt. The majority holding will set the State and the jury up to face the ingenious arguments of defense counsel suggesting an endless number of faceless phantoms, any of whom could have  "might have"  consented to the particular entry in question and none of whom the State has called for negative testimony.
If, as the majority states, nonconsent as a concept was inferentially included in a "breaking" as an element of the offense of burglary prior to 1974, then the legislature's elimination of "breaking" as an element of burglary should be held to have also swept away the inference of nonconsent that the word "breaking" carried within it. There is no logic in holding that the legislature eliminated "breaking" as an element of burglary but that its shadow and spirit and purpose remains and must be met and fed in every case by the State. The better rule would appear to be, as it is in other affirmative defenses, that the defense must first come forward with evidence (not just suggestions and contentions) of consent sufficient to create a doubt and then the State would have the burden of coming forward with evidence sufficient to convince the jury beyond a reasonable doubt that there *257 was no effectual consent from the source indicated by the evidence on which the defense relies.
The listing in the Florida Standard Jury Instructions in Criminal Cases of an instruction referring to the nonconsent of some one named person illustrates one of the undesirable consequences of misusing the court's legitimate rulemaking power to stamp prior approval on the jury instruction embodying substantive law. The rejection by the majority in Cladd v. State, 398 So.2d 442 (Fla. 1981) (cited in note 4 to majority opinion herein) of Cladd's contention that because he was the husband of the possessor of the burglarized structure the State could never establish the wife's nonconsent, while a backhanded reference to a burden of proof, was certainly not the point in that case. Cladd's rejected contention actually was that, to enter into the presence of his own wife, a husband did not have to be invited or to obtain anyone's consent, even that of the wife, even if she had confined herself in a dwelling of which, as to the rest of the world, she had, and was entitled to, exclusive possession. As indicated above, even if nonconsent in a burglary case is left as an affirmative defense, the State will still have the ultimate burden of convincing the jury beyond a reasonable doubt as to that affirmative defense when it is asserted.
The failure of an information to allege an essential element of a criminal offense does constitute fundamental error. Gray v. State, 404 So.2d 388 (Fla. 5th DCA 1981). Informations charging burglary in Florida have generally[3] not alleged nonconsent and that fact coupled with the majority's opinion opens the prison doors to most burglars convicted since 1974 in the whole state of Florida.[4] This is hardly a result favoring the majority's construction of this burglary statute when there is an alternative construction with so many advantages.
I would therefore hold that consent to entry or remaining is an affirmative defense to burglary, and is not a fact required to be negated by the State by allegations in an information and by negative proof as an element of the crime of burglary, and would affirm appellant's conviction.
NOTES
[1] The information alleged that appellant:

Did unlawfully commit a burglary by entering or remaining in a structure, to-wit: Dwelling, the property of Leonard Terry, as owner or custodian, located in the vicinity of 1706 West 12th Street, Sanford, with the intent to commit theft therein, and during the commission of such burglary did arm himself with a dangerous weapon, to-wit: a shotgun or pistol as defined by section 790.001(6), Florida Statutes, in violation of sections 810.02(1), 810.02(2)(b), 775.087(2), Florida Statutes.
[2] For other cases applying this principle in different contexts, see: State v. Buchman, 361 So.2d 692 (Fla. 1978), (sale of unregistered securities); State v. Kahler, 232 So.2d 166 (Fla. 1970), (possession of certain unlabeled drugs as prima facie evidence that possession is unlawful); Benitez v. State, 172 So.2d 520 (Fla.2d DCA 1965) (possession of firearms by convicted felons).
[3] Grammatically, the word "unless" is considered a subordinating conjunction, thus it precedes and connects a subordinate clause or a dependent clause, with the remainder. See Harbrace College Handbook p. 474 (7th Ed. 1972), p. 474.
[4] Significantly, it is of interest to note that section 2.07 of the Florida Standard Jury Instructions in Criminal Cases, Second Ed. (1975) states that one of the essential elements of the crime of burglary which must be proved beyond a reasonable doubt is that:

1. The defendant did enter (did remain in) a structure (conveyance) owned by or in the possession of (person alleged) without the knowledge or consent of (person alleged) at a time when such structure was not open to the public.
Of interest also is the inference, at least, that non-consent is an essential element of burglary, found in the majority opinion in Cladd v. State, 398 So.2d 442, (Fla. 1981) viz:
We reject the defendant's contention that the marriage relationship and the right of consortium deriving therefrom preclude the State from ever establishing the nonconsensual entry requisite to the crime of burglary ... . (emphasis added). Id., at 444.
[1] For other cases applying the Baeumel test, see State v. Buchman, 361 So.2d 692 (Fla. 1978), and Benitez v. State, 172 So.2d 520 (Fla.2d DCA 1965).
[2] "Clause," for purposes of the Baeumel test, was defined by the Supreme Court as "a word group formed by subject and predicate elements but constituting a member of a complex or compound sentence instead of ranking as a completed sentence." 390 So.2d at 716, n. 3.
[3] Currently, of the four judicial circuits in the fifth appellate district, only one, the Ninth Judicial Circuit, customarily uses a standard burglary count that contains additional language to the effect that the premises were not open to the public and that the defendant was not licensed or invited to enter or remain.
[4] See Dillon v. Chapman, 404 So.2d 354 (Fla. 5th DCA 1981) (on Motion for Stay).