415 So.2d 852 (1982)
Ulysses JONES, Appellant,
v.
STATE of Florida, Appellee.
No. 81-230.
District Court of Appeal of Florida, Fifth District.
June 23, 1982.
James B. Gibson, Public Defender, and Julianne Piggotte McLarty, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Barbara Ann Butler, Asst. Atty. Gen., Daytona Beach, for appellee.
ORFINGER, Judge.
This appeal is from a judgment of conviction of the crime of burglary of a structure. We affirm.
Appellant contends that the information charging him with burglary was deficient because it did not allege that his entry into the structure was without the consent of the person alleged to be the owner or custodian thereof. In Hicks v. State, 407 So.2d 252 (Fla. 5th DCA 1981), we held that under the burglary statute, section 810.02(1), Florida *853 Statutes (1979), non-consensual entry into the premises was an essential element of the crime of burglary, and failure to allege the element of non-consent made the information susceptible to dismissal upon proper motion.[1] Here, however, there was no motion to dismiss the information filed in the trial court, and the point is raised for the first time on appeal.
There is a difference between an information that completely fails to charge a crime and one where the charging allegations are incomplete or imprecise. The former is fundamentally defective. State v. Dye, 346 So.2d 538 (Fla. 1977). However, where the information is merely imperfect or imprecise, the failure to timely file a motion to dismiss under Rule 3.190(c) waives the defect and it cannot be raised for the first time on appeal. Brewer v. State, 413 So.2d 1217 (Fla. 5th DCA 1982), [1982 FLW 820]; Kane v. State, 392 So.2d 1012 (Fla. 5th DCA 1981). The test to determine if an information is fatally defective is whether there is a total omission of an essential element of the crime, or whether the indictment or information is so vague, indistinct and indefinite as to mislead the accused and embarrass him in the preparation of his defense, or expose him after conviction or acquittal to the substantial danger of a new prosecution for the same offense. State v. Fields, 390 So.2d 128 (Fla. 4th DCA 1980). If the information recites the appropriate statute alleged to be violated, and if the statute clearly includes the omitted words, it cannot be said that the imperfection of the information prejudiced the defendant in his defense. Bass v. State, 263 So.2d 611 (Fla. 4th DCA 1972), cert. denied, 271 So.2d 142 (Fla. 1972). See also, United States v. Arteaga-Limones, 529 F.2d 1183 (5th Cir.1976).
Appellant further contends that there is an absence of proof that the structure, a gasoline station, was entered without consent of the owner or custodian. The information alleged that the structure was "the property of Paul Loomis as owner or custodian thereof." Evidence was presented at trial that Paul Loomis was in charge of the station on the night of the entry, although his brother was the actual owner of the property, and that Paul Loomis had not given appellant consent to break a window and thereby enter the station at night when it was closed. The allegations and proof were sufficient to charge ownership for the purpose of proving burglary. Ownership, for this purpose, means any possession which is rightful against the burglar and is satisfied by proof of special or temporary ownership, possession or control. In Interest of M.E., 370 So.2d 795 (Fla. 1979); Patterson v. State, 391 So.2d 344 (Fla. 5th DCA 1980); Adirim v. State, 350 So.2d 1082 (Fla. 3d DCA 1977).
We have considered appellant's final point and find it to be without merit.
The judgment of conviction is
AFFIRMED.
FRANK D. UPCHURCH, Jr., J., concurs.
COWART, J., dissents with opinion.
COWART, Judge, dissenting:
In Hicks v. State, 407 So.2d 252 (Fla. 5th DCA 1981), the majority opted to hold that non-consent to the entry was an element of statutory burglary rather than holding, as urged by the dissent, that consent should be considered an affirmative defense to be asserted by the accused. A necessary result of the majority holding in Hicks is that non-consent must be alleged and proved by the State, just as any other element of the offense of statutory burglary. The dissent in Hicks pointed out the monumental practical differences between the State having and carrying a high burden of proof (beyond a reasonable doubt) as to a negative fact (that all who could give consent to entry did not do so) and the defense being able to merely create a reasonable doubt by *854 asserting consent from a particular specific source.
This case is indistinguishable from Hicks and illustrates the problems with that holding. Hicks' conviction was reversed, but here Jones' conviction is affirmed.
There is a legal principle making a distinction between a charging document that wholly fails to allege an essential element and a charging document that does attempt to allege the essential element but does so imperfectly. The charging document which wholly fails to allege an essential element is fundamentally defective because it fails to allege a crime. The charging document which imperfectly alleges an essential element, while subject to a motion to dismiss for technical insufficiency, may be constitutionally sufficient to apprise the accused that the subject matter of the essential but incompletely alleged element is part of the accusation against him and a factual issue concerning which he must be prepared to defend at trial. Gray v. State, 404 So.2d 388 (Fla. 5th DCA 1981), Kane v. State, 392 So.2d 1012 (Fla. 5th DCA 1981). This sound principle of law has been used twice recently by this court. Brewer v. State, 413 So.2d 1217 (Fla. 5th DCA 1982) [1982 FLW 820], upheld an information that incompletely alleged the essential element of mental intent in a theft case where the allegation was "within intent to deprive" rather than the correct "with intent to permanently deprive." In Green v. State, 414 So.2d 1171, No. 81-1013 (Fla. 5th DCA June 9, 1982) [1982 FLW 1241], a robbery case, the information alleged that Green did rob and steal by force and it was held that the word "steal" was an incomplete allegation of all of the elements of larceny and included the mental intent to permanently deprive. However, this principle of law does not apply in this case because the information here, as in Hicks, makes no effort to allege an element of non-consent separate and distinct from the usual allegation that the burglarized premises was owned or occupied by someone who had a right of exclusive possession as against the defendant. The majority cites Bass v. State, 263 So.2d 611 (Fla. 4th DCA), cert. denied, 271 So.2d 142 (Fla. 1972), as in effect holding that every information that refers to a criminal law statutory section number is sufficient if the statute referred to includes a reference to some omitted element of the crime charged. Constitutional due process requires that all criminal charging documents must allege in clear, simple and positive language all the essential ingredients of the offense with which the accused is charged with such definiteness and reasonable certainty as to fully apprise the accused of the nature and cause of the accusation against him and enable him to prepare to meet it at his trial. See, e.g., Robinson v. State, 69 Fla. 521, 68 So. 649 (Fla. 1915). If Bass v. State holds that mere reference in an information to a criminal statute number is sufficient to meet this constitutional duty, then that case should not be followed. That proposal is especially erroneous here where the information refers only to Florida Statute 810.02 and that section has three subsections covering burglary, first degree burglary and second degree burglary under a variety of alternative factual circumstances. Bass v. State cites no case authority and contains no legal analysis or reasoning relating to the basic legal problems and principles involved; frankly, it appears to have been a far out appellate effort to sustain a very poorly alleged criminal charge. Such a case is bad precedent and, when extended, makes bad law.
The second problem here is as to proof. The information alleged that the burgled service station was the property of Paul Loomis as owner and custodian thereof. At trial Paul Loomis testified that he did not own the service station, that it was owned by his brother Vader Loomis, that on the date in question about seven people worked at the place of business and that the principal persons in charge were Vader Loomis, Jim Gavelic and Paul Loomis. He stated that the service station offered twenty-four hour emergency tow service and that responsibility for late night calls was alternated. On the night in question when the police ascertained that a burglary was in progress he, Paul Loomis, was called because *855 he was on the directory call service for that night. There was no testimony that Vader Loomis, Jim Gavelic or any others that could have given consent to the entry had not done so. If, as necessary under Hicks, the State must prove absence of consent it must prove the lack of consent from everyone that could give consent. Here, also obviously, since Vader Loomis and Jim Gavelic could have given consent (as perhaps could others), the State's failure to prove that they did not give consent was a substantial failure of proof in the State's case that should result in either a judgment of acquittal or a reversal on appeal.
I cannot agree that the information in this case merely incompletely alleges the element of non-consent held in Hicks to be an essential element of statutory burglary to which the principle discussed in Gray, Kane, Brewer and Green can be legitimately applied. Also, when the evidence in a criminal burglary case indicates that two or more persons have authority to give consent to enter a building, I cannot agree that a non-consensual entry can be established by evidence only that one of such persons did not give consent.
The Supreme Court of Florida has taken certiorari jurisdiction to review Hicks,[1] but at this time it is binding precedent from this court. Therefore, if the majority would be true to the consequences of the holding in Hicks and reverse this case, I would concur in that result. On the other hand, I would also concur in an opinion receding from Hicks. I cannot agree to the misapplication of good principles of law in order to avoid the consequences of the Hicks holding. Therefore, I dissent.
NOTES
[1] In Hicks, defendant had moved to dismiss the information on the specific ground that this necessary allegation was not contained in the information and the motion had been denied. 407 So.2d at 252.
[1] State v. Hicks, No. 61,557 (Fla. review granted May 7, 1982).