SAWAYA, J.
Thomas Spioch appeals the order denying in part his rule 3.850 motion alleging ineffective assistance of counsel.[1] We affirm in part and reverse in part.
Following a jury trial, Spioch was convicted of four counts of sexual activity with a minor in a custodial relationship, one count of attempted sexual activity with a minor in a custodial relationship, and twenty-three counts of lewd and lascivious assault on a minor. The trial court granted Spioch’s motion for a new trial on the five sexual activity counts. The State appealed and this court affirmed. State v. Spioch, 675 So.2d 712 (Fla. 5th DCA 1996).
The trial court had deferred sentencing until after the appeal. After remand from this court, the State entered a nolle prose-qui of the five counts relating to sexual activity with a minor, which left the twenty-three counts of lewd and lascivious assault on a minor. At the sentencing hearing, the trial court stated that it had gone through the transcript and that the victim had actually testified to only twenty-one instances of lewd and lascivious acts. The trial court indicated that it would not score the remaining two convictions, counts 27 and 28. The State objected for the record. Later, without objection by the State, the trial court withheld adjudication on counts 27 and 28 and sentenced Spioch to time served in jail on those two counts. Spioch was adjudicated guilty on the remaining twenty-one lewd and lascivious counts. The applicable guidelines permitted sentence was twenty-seven years to life; Spioch was sentenced to the statutory maximum of fifteen years for each count, to be served consecutively.
Spioch appealed that sentencing order. In Spioch v. State, 742 So.2d 817 (Fla. 5th DCA 1999), this court reversed, agreeing with Spioch that victim injury points were improperly assessed. The State appealed to the supreme court, which reversed this court’s holding and affirmed the trial court’s sentence. State v. Spioch, 802 So.2d 1140 (Fla.2001).
In April 2003, Spioch filed the instant rule 3.850 motion alleging six grounds of ineffective assistance of trial counsel. A hearing was held that prompted the court to conclude that grounds one, two, four, five, and six should be denied. As to ground three, which alleged that Spioch’s counsel was ineffective because he failed to make a sufficient motion for judgment of acquittal regarding thirteen counts of lewd and lascivious assault on a minor, the trial court partially granted the relief requested. Specifically, the trial court concluded that because there had been no testimony supporting the charges included in counts 21, 22, 23, 24, 25, and 26, Spioch’s counsel was ineffective for having failed to properly move for a judgment of acquittal on those counts. The trial court further concluded that count 20 of the information did not allege sufficient elements to define a crime, and thus Spioch’s counsel was ineffective for failing to argue the improper nature of the count. The trial court ordered a new trial as to each of these counts.
Spioch appeals, claiming that as to the counts the trial court did vacate, the proper remedy is acquittal rather than a new trial. He also claims that each ground alleged in his motion entitled him to relief. We believe Spioch is right only as to ground three and that he is also correct *50 that the proper remedy for the vacated counts is acquittal.
Ground three of Spioch’s motion asserted that his counsel was ineffective for failing to properly move the trial court for a judgment of acquittal on thirteen lewd and lascivious counts because his motion was simply a bare-bones motion for judgment of acquittal. Specifically, counsel moved for a directed verdict with the following argument:
With respect to the rest of it, we just move for a Directed Verdict on lewd and lascivious acts on the basis that the State just simply failed to prove their case with any kind of competent evidence other than general testimony that it happened twenty times, over a period between March the 1st until September of the next year. I would think that’s (inaudible) for a conviction on separate counts of lewd and lascivious behavior.
During the trial, the trial court denied this motion, finding that the State had made a prima facie case. Against the record of this alleged failure to properly move for a judgment of acquittal, Spioch asks that his counsel’s performance be weighed in accordance with the standard established in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and found wanting.
In Strickland, the court held that in order to obtain postconviction relief on the basis of ineffective assistance of trial counsel, a defendant must show: (1) that counsel’s performance was deficient; and (2) that the deficient performance prejudiced the defense. As to the first prong, the defendant must establish “that counsel made errors so serious that counsel was not functioning as the ‘counsel’ guaranteed the defendant by the Sixth Amendment.” Id. at 687, 104 S.Ct. 2052. As to the second prong, the defendant must establish that “counsel’s errors were so serious as to deprive the defendant of a fair trial,” that is, a trial the result of which is reliable. Id. The defendant must establish a reasonable probability that, but for the deficient performance, the result would have been different. “A reasonable probability is a probability sufficient to undermine confidence in the outcome.” Id, at 694,104 S.Ct. 2052.
We agree with Spioch that his counsel’s motion was inadequate because it did not sufficiently set forth the grounds upon which relief was requested. See Woods v. State, 733 So.2d 980 (Fla.1999) (holding the claim of improper denial of a motion for judgment of acquittal had not been preserved for appeal by a boilerplate motion without specific grounds); Patterson v. State, 391 So.2d 344 (Fla. 5th DCA 1980) (holding a bare-bones motion for directed verdict will not permit a defendant to raise every possible claimed insufficiency in the evidence); see also Fla. R.Crim. P. 3.380(b) (requiring that a motion for judgment of acquittal “fully set forth the grounds on which it is based”).
Spioch’s rule 3.850 motion challenges thirteen of the lewd and lascivious counts — five because the lewd acts were subsumed in the sexual activity counts, one because of an error in the charging document charging count 20, and seven because the evidence at most supported only attempted acts. The trial court vacated the convictions for counts 20 through 26 (count 20 because of an error in the charging document and counts 21 through 26 because the evidence showed only attempts, not completed acts).
The trial court is correct that the child’s testimony regarding incidents of attempted fondling would not support convictions for the completed acts. The trial court only excluded six counts for this reason. Spioch argues that the correct *51 number is seven. Our review of the record leads us to conclude that Spioch is correct and the trial court should have vacated seven counts, not six. As for count 20, this count merely alleged that Spioch “did then and there handle or fondle a child ... in a lewd, [illegible single word — probably “lascivious”] contrary to Section 800.04(1), Florida Statutes.” The trial court correctly held that this count did not allege sufficient elements to define a crime and as such defense counsel was ineffective for failing to argue the improper nature of the count. When the conviction on this count is subtracted, a total of eight lewd and lascivious counts would have to be vacated.
As to Spioch’s argument that defense counsel should have moved to dismiss the five counts of lewd acts that occurred when the sexual activity occurred, Spioch contends that these five offenses merged into the sexual activity counts and that double jeopardy prevented convictions for both. Because the evidence showed only that the fondling occurred in conjunction with the acts of sexual activity with a minor in a custodial relationship, and was not shown to be sufficiently discrete to be deemed a separate offense, we believe that Spioch is again correct. See Gisi v. State, 909 So.2d 531, 533 (Fla. 2d DCA 2005) (reversing two of three convictions for the fondling that preceded intercourse on each of four occasions because “[t]he constitutional guarantee against double jeopardy prohibits multiple convictions for lewd and lascivious acts that are not sufficiently discrete to be deemed separate offenses”). Therefore, defense counsel was ineffective for failing to move to dismiss five counts charging lewd and lascivious acts as those counts should have been dismissed on double jeopardy grounds. Thus, in addition to the seven convictions vacated because they were unsupported by the evidence and count 20, another five counts would have to be vacated on double jeopardy grounds, for a total of thirteen.
We conclude that counsel’s failure to properly move for a judgment of acquittal regarding the thirteen counts we have discussed is an error so serious that counsel was not functioning as the counsel guaranteed Spioch by the Sixth Amendment. Moreover, this error deprived Spioch of a fair trial. We also conclude that the proper remedy is acquittal rather than retrial. See Burks v. United States, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978) (holding that if either the trial or the appellate court determines that the evidence is insufficient to sustain a conviction, the proper remedy is acquittal and not a new trial); Santiago v. State, 874 So.2d 617 (Fla. 5th DCA 2004) (concluding that where the evidence is insufficient to support a conviction, the appropriate remedy is discharge, not a new trial).[2] Accordingly, we remand this case to the trial court for resentencing. The remainder of the order under review is affirmed.
AFFIRMED in part; REVERSED in part; and REMANDED.
GRIFFIN and EVANDER, JJ., concur.

. The State has cross-appealed from the order granting in part Spioch’s 3.850 motion. We affirm as to those issues.

. Spioch also appealed the denial of his motion to correct sentencing error. Spioch alleged that the trial court erred in ordering a new trial on counts 20 through 26. We agree and reverse that order.