[Crim. No. 6894.  First Dist., Div. Three.  Oct. 16, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. EDWARD GARY BILLON, Defendant and Appellant.

John F. Shirley, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, John T. Murphy and Eric Collins, Deputy Attorneys General, for Plaintiff and Respondents.

SALSMAN, J.—In this odd case, we reverse the judgment because there is no evidence to support an essential element of the offense charged. We decline to take judicial notice of the record of another case to fill gaps in the trial evidence on the ground that to do so would deny the defendant his right to trial by jury. We reject, however, defendant's contention that the statute which serves as the foundation for the charge against him is unconstitutional.

The defendant Edward Billon was charged with: (1) assault with a deadly weapon (Pen. Code, § 245)[1]; (2) burglary (§ 459) and (3) possession of a firearm by a person previously convicted of a felony while using a firearm (§ 12560)[2]. The defendant was also charged with a prior felony conviction, namely an assault with a deadly weapon (§ 245). Proof of his prior felony conviction was made by introducing a certified copy of the judgment of his conviction in 1963 on a charge of assault with a deadly weapon. Upon submission of the cause, the jury found defendant not guilty of the assault and burglary charges, but guilty of violation of section 12560, that is, possession of a firearm by one previously convicted of a felony involving the use of a firearm.

The essential facts are these: On July 1, 1967 the defendant met his girl friend at a bar. She was in the company of Eugene Forney. The defendant asked her to go home with him, but she refused. He left the bar and went to his father's home, where he obtained a rifle. He loaded the weapon, went to his girl friend's apartment and waited for her return. She

---

[1] All section references are to the Penal Code.

[2] Section 12560 reads: "Every person who has been convicted of a felony under the laws of the United States, of the State of California, or of any other state, government, or country and who used a firearm in the commission of such felony, who owns or has in his possession or under his custody or control any firearm is punishable by imprisonment in the state prison not exceeding 15 years, or in a county jail not exceeding one year or by a fine not exceeding five hundred dollars ($500), or by both such term of imprisonment and such fine."

arrived about 3 a.m. Forney was with her. The defendant threatened to shoot Forney, but his girl friend persuaded him not to fire. Police arrived, arrested the defendant, and he was later charged with the various offenses previously noted.

At trial the prosecutor presented a certified copy of defendant's 1963 conviction of assault with a deadly weapon, but produced no evidence whatever to show that this offense involved the use of a firearm.

The defendant advances but two contentions on appeal. ■ First he argues that section 12560 is unconstitutional because it is too broad, unfair and unreasonable and an unwarranted interference with his personal liberty. These contentions are wholly without merit. A related section of the code, namely section 12021, enacted in 1923, makes it a crime for one previously convicted of a felony (as well as aliens and narcotic addicts) to possess *concealable* firearms. Section 12021 has often been held beyond constitutional challenge as a valid exercise of the police power. (See *People* v. *Garcia,* 97 Cal.App.2d 733 [218 P.2d 837] ; *People* v. *Cordero,* 50 Cal. App.2d 146 [122 P.2d 648].) In one sense, section 12560 is broader than section 12021, because it forbids possession of *all* firearms to one class of persons, whereas section 12021 prohibits only possession of *concealable* firearms to those who fall within the scope of the statute. In another sense, however, section 12560 is narrower than section 12021 because section 12560 applies only to persons previously convicted of a felony *and who used a firearm in the commission of that felony,* whereas section 12021 applies to *any person* convicted of *any* felony, regardless of the nature of the crime. Despite the difference in scope and application of the two statutes, they have a common purpose, namely the protection of society against the unlawful, reckless and violent behavior of persons who in the past have demonstrated criminal character or who might reasonably be said to be untrustworthy or dangerous if allowed to possess firearms. The widespread and increasing use of firearms is a matter of common knowledge (see 22 Assembly Interim Com. Report No. 6, Regulation and Control of Firearms (1963-1965) p. 12). It is also a matter of common knowledge that crime is increasing at an alarming rate throughout the United States and that the State of California is not immune from this social problem. Robbery and assault with a deadly weapon are frequent. These violent crimes, but a step removed from murder, are often accomplished by the use of firearms. Society must protect itself

from those who prey upon it, and who endanger the peace, lives and property of law-abiding citizens. To accomplish this result the Legislature has enacted Penal Code section 12560. We hold it to be a valid exercise of the police power of the state for the protection of the lives and property of the state's citizens.

The defendant's second contention has merit, however, and compels us to reverse the judgment. He properly argues there was no evidence to show that his 1963 conviction involved the use of a firearm. This fact is an essential element of the charged offense, and unless it is proven, violation of the statute is not established. As we have related, defendant's prior conviction was upon a charge of assault with a deadly weapon. Not all deadly weapons are firearms. (See *People* v. *Morlock*, 46 Cal.2d 141, 146 [292 P.2d 897] [fence post] ; *People* v. *Cook*, 15 Cal.2d 507, 516 [102 P.2d 752] [two-by-four] ; *People* v. *Claborn*, 224 Cal.App.2d 38, 42 [36 Cal.Rptr. 132] [automobile] ; *People* v. *Richardson*, 176 Cal.App.2d 238, 239 [1 Cal.Rptr. 306] [razor blade].) For some unexplained reason, but perhaps because of possible confusion of section 12021 with section 12560, this hiatus in the evidence was not seen by the prosecutor, and certainly not by defendant's counsel because he made no motion for a new trial. The error, however, is fatal to the judgment.

The Attorney General asks us to take judicial notice of the transcript of defendant's preliminary hearing in the municipal court on the 1963 charge of assault with a deadly weapon. The transcript has been lodged with us, and the People say it clearly shows that the defendant's prior offense was committed by use of a firearm.

We could, of course, take judicial notice of this record. (Evid. Code, §§ 452, subd. (d), 459, subd. (a) ; *Flores* v. *Arroyo*, 56 Cal.2d 492, 496 [15 Cal.Rptr. 87, 364 P.2d 263].) But we decline to do so. For us to take judicial notice of the record in another case, never offered in the trial court, for the purpose of proving an essential element of the charged offense, would be to deny to the defendant the right of trial by jury. In every criminal case, all elements of the alleged crime must be proven beyond reasonable doubt and to a moral certainty. The dissent of a single juror will prevent a guilty verdict. Yet we do not apply these rules in the appellate court. Where the sufficiency of the evidence is challenged, we look only for substantial evidence, and resolve the issue by majority vote. The defendant here is entitled to a trial by

jury upon every essential element of the charged crime—trial by a jury composed of 12 of his peers, in whose selection he has had some choice and who have been subject to his challenge, and not by three, such as we.

The judgment is reversed.

Draper, P. J., and Brown (H. C.), J., concurred.