[No. B057938. Second Dist., Div. Seven. Dec. 14, 1992.]

THE PEOPLE, Plaintiff and Respondent, v.
RONALD EDWARD BARRE, JR., Defendant and Appellant.

COUNSEL

Robert F. Howell, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, and Nancy Palmieri, Deputy Attorney General, for Plaintiff and Respondent.

**OPINION**

**WOODS (Fred), J.**—In a jury trial, when an alleged prior conviction has been denied and not bifurcated, may the trial judge take judicial notice of its records (Evid. Code, § 452, subd. (d)) as conclusive proof of that alleged prior conviction? Our answer is no. Accordingly, we in part reverse and in part affirm the judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

Because there is no insufficiency of evidence claim, the facts may be stated simply.

On October 1, 1990, in the afternoon, 25-year-old Ronald Edward Barre, Jr. (appellant) entered Mervyn's department store in Redondo Beach carrying a May Co. bag. He went to the jeans counter, selected a pair of Levi's and walked to a fitting room. After trying on the Levi's he left the May Co. bag in the fitting room and returned the Levi's to the counter.

A suspicious security guard who had followed appellant to the fitting room, entered appellant's fitting room and looked inside the May Co. bag. Except for a fist-sized package, it was empty. The guard activated a video camera and waited for appellant's return.

Appellant returned with two pairs of Levi's. He tried on one pair and soon left the fitting room carrying one pair of Levi's and a now fuller May Co. bag. He dropped off the pair of Levi's, picked up a pair of socks, paid for the socks, and left the store.

Outside the store, appellant was detained by the suspicious security guard and a fellow guard. They looked inside the May Co. bag and found a pair of $38 Levi's. There was no receipt. They arrested appellant who stated: "This isn't the first time I've been in here, just the first time I've been caught."

The district attorney charged appellant with petty theft, with a prior, a felony (Pen. Code,[1] § 666[2]). The "prior," as alleged in the information, was a December 1989 felony conviction of petty theft with a prior (§ 666), Los Angeles Superior Court case number YA001709.

Appellant pleaded not guilty and denied the alleged prior. On November 19, 1990, his request to represent himself was granted.

On December 27, 1990, the trial court, before starting jury selection, asked appellant if he wanted to bifurcate the prior-felony-allegation issue. But before appellant responded the prosecutor stated: "They're[3] alleged in the information and it's my understanding, Your Honor, that they are part of what the People have to prove."

---

[1]Unless otherwise noted, statutory references are to the Penal Code.

[2]The section reads: "Every person who, having been convicted of petit theft, grand theft, auto theft under Section 10851 of the Vehicle Code, burglary, robbery, or a felony violation of Section 496 and having served a term therefor in any penal institution or having been imprisoned therein as a condition of probation for that offense, is subsequently convicted of petit theft, then the person convicted of that subsequent offense is punishable by imprisonment in the county jail not exceeding one year, or in the state prison."

[3]Solely for purpose of probation ineligibility (§ 1203, subd. (e) (4)), the information alleged a second felony conviction.

Despite the prosecutor's puzzling non sequitur,[4] the trial court said: "Oh. Okay. Yes. I understand. [¶] All right. Well then, forget what I was [*sic*] just said."

A jury was promptly selected, the prosecutor called its sole witness, the suspicious security guard, and just before resting its case the following colloquy, in the presence of the jury, occurred:

"[Prosecutor]: I would just ask that the court take judicial notice of the fact that the defendant in case number YA001709 that the defendant Ronald Edward Barre, R-o-n-a-l-d, Edward, E-d-w-a-r-d, Barre, B-a-r-r-e, Jr. pled guilty on November 22nd 1989 in this court, Superior Court, and he pled guilty to petit theft with a prior and the prior conviction having been admitted by the defendant that on February—or April 12th 1989 he was found guilty of petit theft in South Bay Municipal Court.

"That the probation report which is contained in the file before you that the defendant's date of birth was June 14th 1965 and that on December 13th 1989 in that case number YA001709 the defendant was sentenced to three years felony probation and sentenced as a condition of probation to 181 days county jail and the defendant having served in county jail for approximately 37 days in county jail and the county jail as being a penal institution.

"The Court: Yes. The court having the original court file which is utilized in the Superior Court in front of me, the court does take judicial notice that this defendant was convicted on December 13th 1989 by his own plea of guilty.

"There is a TAHL waiver form in the file and he was convicted before Judge Cecil Mills in Department K which is the court right next door to this one and he was sentenced to three years formal probation. And as a condition of that three years formal probation the court sentenced him to 181 days in the Los Angeles County Jail. County jail is a penal institution.

"The court does take judicial notice of that fact of that conviction.

"[Prosecutor]: Thank you, Your Honor."

The prosecutor rested. There was no defense. The jury found appellant guilty as charged. The trial court sentenced him to state prison for the upper three-year term. (§ 18.)

---

[4]The trial court's question was not *if* the prior had to be proved, but *when* it should be proved.

## DISCUSSION

1. *Was it error to submit the prior-conviction-allegation issue to the jury?*

■ Appellant contends the trial court erred in submitting the prior-conviction-allegation issue to the jury because it was only a "sentencing factor" and, as such, "may not be presented to the jury at all."

The Attorney General, although obscure about *what* error the trial court made, "agrees the court erred," but not prejudically.

Both parties rely upon *People* v. *Bouzas* (1991) 53 Cal.3d 467 [279 Cal.Rptr. 847, 807 P.2d 1076]. *Bouzas* held that a defendant charged under section 666 "may stipulate to a prior felony conviction allegation and thus preclude the jury from learning of that conviction." (*Id.* at p. 469.)

Contrary to appellant's contention, *Bouzas* did not hold that, if *denied*, a prior-conviction allegation should not be presented to the jury. (53 Cal.3d at p. 480.)

*Bouzas* did not purport to, and did not, alter settled statutory law:

"When a defendant . . . is charged in the accusatory pleading with having suffered a previous conviction . . . he must be asked whether he has suffered such previous conviction . . . . If he answers that he has not . . . *the question . . . must be tried by the jury . . . .*" (§ 1025; italics added.)

"Whenever the fact of a previous conviction of another offense is charged in an accusatory pleading . . . *the jury . . . must . . . find whether or not he has suffered such previous conviction.*" (§ 1158; italics added.)

Because appellant denied the prior-conviction allegation and did not request it be bifurcated,[5] the trial court properly submitted it to the jury.

2. *Was it error for the trial court to take judicial notice of appellant's alleged prior conviction?*

■ As we have just explained, the prior-conviction allegation was an issue to be determined by the jury. (§§ 1025, 1158.) They were properly instructed that in order to find appellant guilty they must find the prior-conviction allegation true, beyond a reasonable doubt. (CALJIC No. 2.90.) Due process required no less. (*In re Winship* (1970) 397 U.S. 358 [25

---

[5]Appellant makes no claim concerning the trial court's retraction of its bifurcation offer.

L.Ed.2d 368, 90 S.Ct. 1068]; *People* v. *Hernandez* (1988) 46 Cal.3d 194, 208 [249 Cal.Rptr. 850, 757 P.2d 1013].)

This instruction, that *they*, the jury, were to determine whether or not the fact of the prior conviction had been proved beyond a reasonable doubt, was then utterly nullified by the trial court.

The trial court stated to the jury: "The court having the original court file which is utilized in the superior court in front of me, the court does take judicial notice[6] that this defendant was convicted on December 13th 1989 by his own plea of guilty. . . . [¶] He was convicted before Judge Cecil Mills in Department K which is the court right next door to this one and he was sentenced to three years formal probation. And as a condition of that three years formal probation the court sentenced him to 181 days in the Los Angeles County Jail. County jail is a penal institution. [¶] The court does take judicial notice of that fact of that conviction."

This statement could be understood by a reasonable juror in only one way: the *trial court* had conclusively determined the prior-conviction allegation to be true and it was no longer a fact to be determined by the jury.[7] In fact, this was how the prosecutor understood it and how she argued it to the jury. She said: "What do you have to support that particular element [the prior-conviction-allegation]? . . . [H]is Honor had taken judicial notice of the fact the defendant had been previously convicted of a petty theft with a prior last year . . . plus he had served time in the county jail."

As to this prior-conviction allegation, appellant was deprived of his right to a jury trial. (*People* v. *Figueroa* (1986) 41 Cal.3d 714, 724, 733 [224 Cal.Rptr. 719, 715 P.2d 680]; *People* v. *Nava* (1989) 207 Cal.App.3d 1490, 1498 [255 Cal.Rptr. 903]; *People* v. *Lawson* (1987) 189 Cal.App.3d 741, 746-748 [234 Cal.Rptr. 557]; *People* v. *Billon* (1968) 266 Cal.App.2d 537, 540-541 [72 Cal.Rptr. 198].) The error was prejudicial. (*Rose* v. *Clark* (1986) 478 U.S. 570, 578 [92 L.Ed.2d 460, 470-471, 106 S.Ct. 3101].)

The prejudicial error did not, however, infect the jury's determination appellant was guilty of petty theft.

---

[6]See Evidence Code sections 450, 452, subdivision (d), 453, 455, 457.

[7]The trial court did not explicitly instruct the jury "to accept as a fact the matter so noticed." (Evid. Code, § 457.) Nevertheless, the jury could only have understood that the noticed fact "cannot be controverted." (*People* v. *Rubio* (1977) 71 Cal.App.3d 757, 765 [139 Cal.Rptr. 750], disapproved on other grounds by *People* v. *Freeman* (1978) 22 Cal.3d 434, 438-439 [149 Cal.Rptr. 396, 584 P.2d 533].)

## Disposition

The conviction of petty theft, a lesser included offense of section 666, is affirmed. The conviction of section 666 is reversed. The sentence is vacated. The matter is remanded to the trial court for further proceedings consistent with this opinion.

Lillie, P. J., and Johnson, J., concurred.