Filed 2/26/24  P. v. Atwine CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C097345 |
| Plaintiff and Respondent, | (Super. Ct. No. 21FE005472) |
| v. | |
| GERALD ATWINE, | |
| Defendant and Appellant. | |

The prosecution charged defendant Gerald Atwine with vehicular manslaughter while intoxicated and two counts of driving under the influence causing injury.  The prosecution further alleged a multiple victim allegation on all counts and a great bodily injury allegation on the driving under the influence counts.  In aggravation, defendant was alleged to have committed crimes involving great violence, great bodily harm, or other acts disclosing a high degree of cruelty.  Defendant represented himself at a nonbifurcated trial, and the jury found him guilty on all counts and found true all

1

enhancements and the aggravating circumstance. Defendant was sentenced to an aggregate term of seven years, which included upper-term sentences.

On appeal, defendant argues the trial court erred by failing to inform him of his statutory right to a bifurcated trial on the aggravating circumstance, or by failing to order bifurcation of the aggravating circumstance sua sponte. Defendant further argues the trial court abused its discretion when imposing upper-term sentences. We disagree and affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In the early morning hours of November 8, 2020, defendant drove his car head on into another car, killing the driver and injuring the passenger. The crash occurred on a two-lane highway. Solid double yellow lines separated the lanes. A motorist testified he was traveling immediately behind defendant's car prior to the crash and saw defendant's car swerving into the path of oncoming traffic about eight separate times prior to the impact.

Defendant testified he fell asleep while driving and awoke only after the collision. Defendant admitted at trial that he consumed alcohol and cannabis at a birthday party hours before the crash, and that he also consumed "two pills" of either "Tylenol or Advil" to sooth a headache. Defendant subsequently asked for a ride home from his friend who declined but offered to pay for defendant to be transported home. Defendant refused the offer thinking he "should be fine" because he had consumed his last drink nearly four hours prior to that conversation.

Another motorist who witnessed the crash testified that defendant discarded alcohol bottles from his car to the side of the highway following the crash. California Highway Patrol Officer Colby Burford testified he discovered three empty beer bottles that "appeared fresh" on the shoulder of the road near the crash site while investigating the crash.

Defendant, a nurse, testified he did not provide medical aid after the crash because he was in pain, "not in the right mind frame to do anything for anybody," and "a victim of the accident." After the accident, a helicopter flew defendant to an area hospital where California Highway Patrol Officer David Richman questioned him. Officer Richman testified defendant showed various indications of intoxication, including red and watery eyes and the smell of alcohol. Testing indicated that defendant had a blood-alcohol content of 0.123 percent. Defendant was arrested at the hospital.

A jury found defendant guilty of vehicular manslaughter while intoxicated, driving while intoxicated causing great bodily injury, and driving while having a blood-alcohol content of 0.08 percent or more causing great bodily injury. The jury found true defendant caused great bodily injury to more than one victim as alleged on all counts. Connected to the driving while intoxicated offenses, the jury found true a great bodily injury enhancement. Finally, the jury found true the aggravating circumstance that all three counts involved great violence, great bodily harm, threat of great bodily harm, or other acts disclosing a high degree of cruelty, viciousness, or callousness.

At defendant's sentencing hearing, the trial court considered the statement in aggravation, which requested an aggregate sentence of seven years. Defendant told the court, "I believe that I owe to be punished. I ought to pay my debt to society. And that's the only way I would be able to clear my own conscience." Defendant requested that his victims' families consider forgiving him and stated that he was "glad that [they] finally got the justice that [they] definitely deserve."

In rendering its decision, the trial court stated that the sole mitigating factor before the court was that defendant did not have a criminal record and that he had otherwise lived a productive life. But the court found the aggravating factor the jury found true substantially outweighed the circumstance in mitigation, detailing defendant's dangerous conduct during the offense and his acts of indifference and lack of remorse during and after the offense. The court sentenced defendant to an upper term of three years for

3

driving under the influence causing great bodily injury and stayed pursuant to Penal Code[1] section 654 the other counts' sentences. The court further imposed an additional three years for the great bodily injury enhancement and one year for the multiple victim enhancement attached to the unstayed conviction. In all, defendant was sentenced to an aggregate term of seven years.

Defendant appeals.

## DISCUSSION

### I

*Defendant Cannot Demonstrate Error In The Trial Court's Failure*

*To Bifurcate Trial On The Aggravating Circumstance*

In his first argument, defendant contends in full: "The first error committed by the trial court in imposing the upper term was its failure to bifurcate the circumstances in aggravation enhancement. There is no evidence in the record that the trial court ever advised [defendant] of his statutory right to bifurcation. Given the fact that [defendant] was [propria persona], and the recent change in the law, the trial court should have provided him of such advisement or order[ed] the bifurcation sua sponte in compliance with the statute." (Italics omitted.) We disagree.

Section 1170, subdivision (b)(2) provides, "Except where evidence supporting an aggravating circumstance is admissible to prove or defend against the charged offense or enhancement at trial, or it is otherwise authorized by law, *upon request of a defendant*, trial on the circumstances in aggravation alleged in the indictment or information shall be bifurcated from the trial of charges and enhancements." (Italics added.)

Section 1170, subdivision (b)(2) puts the obligation to request a bifurcated trial regarding circumstances in aggravation squarely on a defendant and not the trial court.

---

[1] Further undesignated section references are to the Penal Code.

4

Further, the trial court generally has no sua sponte duty to bifurcate proceedings. (E.g., *People v. Hawkins* (1995) 10 Cal.4th 920, 940 [no sua sponte duty to order severance of counts]; *People v. Barre* (1992) 11 Cal.App.4th 961, 965 [no sua sponte duty to order bifurcated trial on prior-conviction allegation].) Even though defendant represented himself, it was still not the trial court's duty to inform defendant of his obligation to request a bifurcated trial. "Pro[pria] per[sona] litigants are held to the same standards as attorneys." (*Kobayashi v. Superior Court* (2009) 175 Cal.App.4th 536, 543.) "A doctrine generally requiring or permitting exceptional treatment of parties who represent themselves would lead to a quagmire in the trial courts, and would be unfair to the other parties to litigation." (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 985.) Thus, we conclude defendant was required to request a bifurcated trial on his aggravating circumstance.

In any event, the failure to bifurcate is generally subject to a harmless error analysis under *People v. Watson* (1956) 46 Cal.2d 818. (*People v. Tran* (2022) 13 Cal.5th 1169, 1208-1210.) Under *Watson*, the question is whether it is reasonably probable a better outcome would result in the absence of error. (*Watson*, at p. 836.) Here, the issue is whether the jury hearing the evidence supporting the aggravating factor could have affected its decision on the charged convictions. But the details of defendant's offenses were relevant to his guilt and to impeach his testimony, just as much as they were relevant to prove the aggravating circumstance of whether defendant acted with great violence, great bodily harm, threat of great bodily harm, or other acts, disclosing a high degree of cruelty, viciousness, or callousness. Thus, even had the trial court bifurcated defendant's aggravating circumstance trial, most of the evidence admitted against defendant at the guilt phase would still have been admitted. Accordingly, defendant has not demonstrated he was prejudiced by the trial court's failure to bifurcate the aggravating circumstance trial.

## II

*The Trial Court Did Not Abuse Its Discretion By Imposing Upper-Term Sentences*

Defendant contends the trial court abused its discretion by sentencing him to upper terms because it failed to properly balance his mitigating factors against the one aggravating factor. We disagree.

Section 1170, subdivision (b)(2) permits the trial court to "impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term and the facts underlying those circumstances have been . . . found true beyond a reasonable doubt at trial by the jury." At sentencing, trial courts have "wide discretion in weighing the aggravating and mitigating factors" (*People v. Evans* (1983) 141 Cal.App.3d 1019, 1022) and may balance them in qualitative as well as quantitative terms (see *People v. Lambeth* (1980) 112 Cal.App.3d 495, 501). We presume that the trial court has considered all relevant criteria in deciding a defendant's sentence. (*In re Julian R.* (2009) 47 Cal.4th 487, 498-499; see Cal. Rules of Court, rule 4.409.) We must affirm unless there is a clear showing that the chosen sentence was arbitrary or irrational. (*People v. Hubbell* (1980) 108 Cal.App.3d 253, 260.)

Defendant argues only that the trial court did not adequately weigh his factors in mitigation against the aggravating factor and ignored several mitigating factors. But a review of defendant's sentencing hearing proves otherwise. The trial court stated it had reviewed all of defendant's motions and letters of reference and discerned only one mitigating factor—that defendant lacked a criminal record. Defendant did not object to this assessment and, indeed, withdrew his motions for reduced sentences and his statement in mitigation. Thus, to the extent defendant now argues the trial court ignored mitigating factors, that argument is forfeited for failing to object or raise mitigating factors at the trial court. (*People v. Sperling* (2017) 12 Cal.App.5th 1094, 1100-1101 [the defendant waived claim court failed to consider several mitigating factors by failing to

6

object at sentencing hearing].)  Further, the trial court detailed defendant's dangerous conduct and disregard of others in addition to his callous lack of remorse during the incident and throughout the trial process.  In the end, the trial court believed this aggravating circumstance justified the imposition of the upper term and was not diminished by his lack of a criminal record.  We discern no abuse of discretion.

DISPOSITION

The judgment is affirmed.


/s/
ROBIE, Acting P. J.


We concur:



/s/
DUARTE, J.



/s/
BOULWARE EURIE, J.

7