Filed 6/25/25  P. v. Cook CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D083578 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCS327700) |
| CHRISTOPHER ALLEN COOK, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Enrique E. Camarena, Judge.  Affirmed.

Richard Schwartzberg under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Melissa Mandel and Sahar Karimi, Deputy Attorneys General, for Plaintiff and Respondent.

A jury found Christopher Allen Cook guilty of 14 counts arising out of violent, harassing and threatening incidents directed against a woman he dated and the woman's mother.

Cook's sole contention on appeal is that the trial court should have required the People to prove his prior acts of domestic violence, which were admissible under Evidence Code section 1109, through live testimony or documentary evidence of those incidents rather than relying on the trial court to inform the jury it was taking judicial notice of those incidents based on the certified records of conviction associated with them. We conclude that Cook's contention lacks merit, and we accordingly affirm the judgment.

I.

FACTUAL AND PROCEDURAL BACKGROUND

Cook was charged with 15 counts arising out of conduct directed against a woman with whom he had a dating relationship and the woman's mother. The specific facts of those offenses are not relevant here, and we accordingly do not discuss them.

After a jury trial, Cook was convicted of 14 counts as follows: two counts of stalking (Pen. Code,[1] § 646.9, subd. (a)) (counts 1, 8); one count of making a criminal threat (§ 422) (count 2); three counts of attempting to dissuade a witness (§ 136.1, subd. (b)(2)) (counts 3, 4, 6); two counts of battery of a significant other (§ 243, subd. (e)(1)) (counts 7, 11); one count of vandalism (§ 594, subd. (a)) (count 9); one count of false imprisonment by menace, fraud or deceit (§§ 236, 237 subd. (a)) (count 10); one count of stalking with a court order in effect (§ 646.9, subd. (b)) (count 12); two counts of disobeying a court order (§ 273.6, subd. (a)) (counts 13, 14); and one count

_____

[1]    Unless otherwise indicated all further statutory references are to the Penal Code.

2

of violating a domestic violence protective order (§ 166, subd. (c)(1)) (count 15). Among other things, the jury also made findings establishing that several of the counts involved domestic violence. (§ 1203.097, subd. (a); Fam. Code, § 6211.) Cook was found not guilty on one count alleging false imprisonment by menace, fraud or deceit (§§ 236, 237 subd. (a)) (count 5). The trial court imposed a prison sentence of seven years.

## II.

## DISCUSSION

Cook contends that the trial court erred because it relied on the certified records of conviction from prior domestic violence prosecutions to inform the jury it was taking judicial notice that Cook had committed two specific prior acts of domestic violence. Cook does not dispute, on appeal, that the People were entitled to introduce evidence of the prior domestic violence incidents pursuant to Evidence Code section 1109. He challenges only the *manner* in which evidence of those incidents was presented to the jury.

A.   *Relevant Proceedings*

Under Evidence Code section 1101, subdivision (a), unless an exception applies, evidence of a person's character, including evidence of specific instances of past conduct, is inadmissible when offered to prove the person's conduct on a specified occasion. One exception is set forth in Evidence Code section 1109, subdivision (a)(1), which provides that, except in certain circumstances, "in a criminal action in which the defendant is accused of an offense involving domestic violence, evidence of the defendant's commission of other domestic violence is not made inadmissible by [Evidence Code] Section 1101 if the evidence is not inadmissible pursuant to [Evidence Code] Section 352." During motions in limine the People moved pursuant to Evidence Code

3

section 1109 to introduce evidence of prior incidents of domestic violence committed by Cook, which resulted in criminal convictions.

Defense counsel argued that if evidence of Cook's prior domestic violence was going to be admitted under Evidence Code section 1109, the People should be required to "bring in the witnesses to see if they can convince the jury by a preponderance of the evidence that these issues took place." He explained, "I think that it would be more proper to bring in the witnesses than to just read a charge that he ple[d] guilty to." The trial court rejected that approach. Citing Evidence Code section 452.5, subdivision (b)(1), the trial court explained that it would rely on the certified records of conviction to inform the jury it was taking judicial notice of the prior domestic violence incidents.[2]

During trial, in response to the People's request, the court made the following statement to the jury: "Okay. So taking judicial notice of the following incidents[.] [T]hat on or about February 4th, 2015, [Cook] willfully, unlawfully and knowingly violated a court order obtained to . . . prevent domestic violence and disturbance of the peace. [¶] And, secondly, that on or about May 26, 2016, [Cook] unlawfully violated the personal liberty of another by violence, menace, force or deceit."

The trial court immediately followed that statement with an instruction based on CALCRIM No. 852A: "So, this is evidence of other uncharged domestic violence; in other words, not involving the charges here in this case. [¶] So, you may consider this evidence only if the People have

---

[2]   The People originally proposed to establish the prior domestic violence convictions with "a certified document of the prior [conviction]" or through a stipulation. The trial court raised the idea of presenting the evidence through judicial notice, and the People did not object.

4

proved by a preponderance of the evidence that the defendant in fact committed the uncharged domestic violence. It may be proven, but -- it may be proven by a lesser than proof beyond a reasonable doubt, may be proven by preponderance of the evidence, which is a different burden of proof. [¶] A fact is proved by a preponderance of the evidence if you conclude that it is more likely than not that the fact is true. [¶] If you decide that the defendant committed the uncharged domestic violence, you may, but are not required, to conclude from that evidence that the defendant was disposed or inclined to commit domestic violence and, based on that decision, also conclude that the defendant was likely to commit and did commit Counts 1 through 7, 10, 11, 13, 14 and 15. . . . [¶] If you conclude that the defendant committed the uncharged domestic violence, that conclusion is only one factor to consider along with all the other evidence. It is not sufficient by itself to prove that the defendant is guilty of Counts 1 through 7, 10, 11, 13, 14 and 15. The People must still prove each charge and allegation beyond a reasonable doubt. You may not consider this evidence for any other purpose."[3]

B.     *The Evidence of Cook's Prior Domestic Violence, as Reflected in Certified Records of Conviction, Was Properly Presented to the Jury Through the Trial Court's Act of Taking Judicial Notice*

On appeal Cook argues that judicial notice, based on the certified records of conviction, was not the proper method to present the evidence of

---

[3]     Prior to the jury's deliberations, the trial court again instructed the jury with CALCRIM No. 852A. That instruction began with the following language, which described the facts that the trial court had judicially noticed: "The People presented evidence that the defendant committed domestic violence that was not charged in this case, specifically: [¶] 1. On or about February 4, 2015, [Cook] willfully, unlawfully and knowingly violated a court order obtained to prevent domestic violence and disturbance of the peace. [¶] 2. On or about May 26, 2016, [Cook] unlawfully violated the personal liberty of another by violence, menace, force or deceit."

Cook's prior domestic violence to the jury. According to Cook, "it was error to simply take judicial notice of convictions, foreclosing that the jury could, if presented with live testimony or documentary evidence, find the evidence not to be proven by a preponderance of the evidence." Cook argues that a "prior certified record" does not "constitute evidence of the underlying behavior" constituting prior domestic violence. On appeal, Cook does not elaborate as to what type of evidence he contends the People should have presented instead of relying on the trial court to take judicial notice of the domestic violence offenses shown in certified records of conviction. As we have noted, however, Cook's position in the trial court was that the People were required to "bring in the witnesses to see if they can convince the jury by a preponderance of the evidence that these issues took place."

As the trial court correctly pointed out, Evidence Code section 452.5 resolves the issue presented here. Under that provision, "An official record of conviction certified in accordance with [Evidence Code section 1530, subdivision (a)] or an electronically digitized copy thereof, is admissible under [Evidence Code] [s]ection 1280 to prove the commission, attempted commission, or solicitation of a criminal offense, prior conviction, service of a prison term, or other act, condition, or event recorded by the record." (Evid. Code, § 452.5, subd. (b)(1).)[4] As explained in *People v. Duran* (2002) 97 Cal.App.4th 1448, based on the "clear and unambiguous" statutory language, "Evidence Code section 452.5, subdivision (b) creates a hearsay

_____

[4] Evidence Code section 1280 provides an exception to the hearsay rule when a "writing was made by and within the scope of duty of a public employee," "at or near the time of the act, condition, or event," and under circumstances that "were such as to indicate its trustworthiness." (Evid. Code, § 1280.)

exception allowing admission of qualifying court records to prove not only the fact *of conviction*, but also that *the offense reflected in the record occurred.*" (*Id*. at pp. 1460–1461, italics added.) Thus, under Evidence Code section 452.5, as interpreted by *Duran*, the certified records of conviction for Cook's prior domestic violence offenses, standing by themselves, were competent to serve as evidence that Cook had committed those offenses.

Case law has consistently followed *Duran*'s interpretation of Evidence Code section 452.5 subdivision (b). (*People v. Garcia* (2020) 46 Cal.App.5th 123, 171; *People v. Ochoa* (2017) 7 Cal.App.5th 575, 589, fn. 10; *People v. Rauen* (2011) 201 Cal.App.4th 421, 425; *People v. Wesson* (2006) 138 Cal.App.4th 959, 968 (*Wesson*); *People v. Robinson* (2024) 99 Cal.App.5th 1345, 1355 (*Robinson*) [favorably quoting and relying upon *Wesson*, which in turn quoted and relied upon *Duran*].)

As especially applicable here, *Robinson* held that the trial court properly admitted evidence of the certified record of conviction to prove the defendant's prior commission of a domestic violence offense. (*Robinson, supra*, 99 Cal.App.5th at p. 1356; see also *Wesson, supra*, 138 Cal.App.4th at p. 968 [holding that the trial court properly admitted evidence of the certified record of conviction to prove the defendant's commission of a prior sexual offense as propensity evidence admissible under Evidence Code § 1108].)[5]

_____

[5] In his reply brief, Cook argues we should not rely on *Robinson, supra*, 99 Cal.App.5th 1345, because its holding on the evidentiary issue was "dicta," in that *Robinson* also concluded that the evidentiary challenge had been forfeited. The argument lacks merit. " '[W]here two independent reasons are given for a decision, neither one is to be considered mere *dictum*, since there is no more reason for calling one ground the real basis of the decision than the other. The ruling on both grounds is the judgment of the court and is of equal validity.' " (*Southern Cal. Ch. of Associated Builders etc. Com. v. California Apprenticeship Council* (1992) 4 Cal.4th 422, 431, fn. 3.)

Moreover, *Robinson* specifically held that the People were not required to present live testimony to prove the prior domestic violence; the certified record of conviction was sufficient standing alone. (*Robinson*, at p. 1356.) Applying *Robinson* here, we conclude that the certified records of Cook's prior convictions were admissible to establish Cook's prior commission of domestic violence. No other evidence, such as live testimony or other documentary evidence of the domestic violence incidents, was required.

Cook does not cite any authority disapproving the case law we have set forth above. Instead, Cook relies on *People v. Barre* (1992) 11 Cal.App.4th 961, 965 (*Barre*). However, *Barre* is not relevant here. In *Barre*, the defendant was charged with petty theft, with a prior theft-related conviction, in violation of section 666. (*Barre, supra*, 11 Cal.App.4th at p. 963.) Because the prior-conviction allegation attached to the section 666 count was charged in the accusatory pleading, statutory provisions gave the defendant a right to have the jury make a finding on whether he incurred the prior conviction. (§§ 1025, subds. (a), (b) ["[w]hen a defendant who is charged in the accusatory pleading with having suffered a prior conviction" chooses not to admit that fact, "the question of whether or not the defendant has suffered the prior conviction shall be tried by the jury"]; 1158 ["[w]henever the fact of a previous conviction of another offense is charged in an accusatory pleading" . . . and the defendant does not admit the previous conviction, "the jury . . . must . . . find whether or not he has suffered such previous conviction"]; cf. *People v. Mosby* (2004) 33 Cal.4th 353, 360 [the right to a jury trial on the factual determination of whether a defendant has suffered a prior conviction is "purely statutory in origin"]; accord *People v. Lynch* (2024) 16 Cal.5th 730, 748, fn. 5.) Because of this statutory right, the trial court erred in instructing the jury that it was taking judicial notice of the defendant's prior conviction

8

because, in doing so, it removed that issue from the jury's consideration. (*Barre, supra*, at p. 966.)

Here, Cook's prior acts of domestic violence were not charged in the accusatory pleading. Instead, they were relevant as propensity evidence under Evidence Code section 1109. Accordingly, *Barre* has no application here.

Next, under the rules governing judicial notice during a jury trial, it was proper for the trial court to take judicial notice of the facts proved by the certified records of conviction and to communicate to the jury that it had taken judicial notice of those facts. Evidence Code section 452 describes the items that may be judicially noticed. These include "(c) Official acts of the legislative, executive, and judicial departments of the United States and of any state of the United States" and "(d) Records of (1) any court of this state or (2) any court of record of the United States or of any state of the United States." (Evid. Code, § 452.) A certified record of conviction falls under those categories. When, as here, a fact is subject to judicial notice, "the trial court may . . . instruct the jury to accept as a fact the matter so noticed." (Evid. Code, § 457). The trial court followed that approach in properly informing the jury it had taken judicial notice of Cook's commission of specific domestic violence offenses that were established by the certified records of conviction.[6]

---

[6]     Our concurring colleague raises a valid point. When deciding whether to present propensity evidence to the jury through the vehicle of judicial notice, trial courts should be sure to "appreciate and account for the difference between the *prosecutor* presenting the jury with a certified record of conviction . . . and the *judge* telling the jury it *must* accept certain facts as true," as jurors may tend to give greater weight to facts presented by a judge. (Conc. opn., *post*, at p. 2.) However, we cannot agree that when the People

9

As a final matter, we note that although the first sentence of CALCRIM No. 852A, as drafted, states that "*[t]he People presented evidence* that the defendant committed domestic violence that was not charged in this case" (CALCRIM No. 852A, italics added), in the version of the instruction that the trial court read to the jury directly after taking judicial notice, the trial court changed the first sentence of the instruction to state, "So, *this is evidence* of other uncharged domestic violence; in other words, not involving the charges here in this case."[7] (Italics added.) For the first time in his reply brief, Cook appears to focus on that statement. Specifically, Cook's reply brief frames the issue as "whether the trial court could simply take judicial notice of convictions *and inform jurors that that constitutes evidence of prior acts of domestic violence for purposes of Evidence Code section 1109.*" (Italics added) To the extent that Cook intends, for the first time in his reply brief, to argue

seek to introduce propensity evidence, a trial court should *always* favor the approach of admitting the certified record of conviction as a prosecution exhibit, over the approach of taking judicial notice. Indeed, the instant case demonstrates that the vehicle of judicial notice may sometimes be a reasonable approach. As the trial court and counsel discussed, the change of plea form for Cook's 2016 conviction for unlawfully violating the personal liberty of another by violence, menace, force or deceit did not, on its face, indicate that the conviction involved domestic violence. Therefore, the People could have sought to admit witness testimony or additional documents from the certified record of conviction to establish the circumstances of the 2016 conviction. In that context, it arguably *reduced* the potential prejudice to Cook for the trial court to suggest that the People introduce the evidence of Cook's prior domestic violence through the vehicle of judicial notice.

7    The trial court subsequently instructed the jury again with CALCRIM No. 852A before the jury began its deliberations. In so doing, the trial court employed the language as set forth in CALCRIM No. 852A, stating that "the People presented evidence that the defendant committed domestic violence that was not charged in this case."

that the trial court prejudicially erred by rewording CALCRIM No. 852A to say that the two prior incidents it had judicially noticed were "evidence of other uncharged domestic violence" the argument is forfeited because it was raised for the first time in a reply brief.  (*People v. Rangel* (2016) 62 Cal.4th 1192, 1218 ["Obvious reasons of fairness militate against consideration of an issue raised initially in the reply brief."].)

DISPOSITION

The judgment is affirmed.

IRION, Acting P. J.

I CONCUR:

KELETY, J.

11

Castillo, J., Concurring.

I concur in the opinion of the court. I write separately to express my concern about trial courts taking judicial notice of Evidence Code section 1109 evidence because of its potential to prompt jurors to give greater credit to the evidence and infer the defendant's propensity to commit such acts.

Our Supreme Court has noted propensity evidence under a "parallel provision" "can be so damaging," and the Legislature has recognized that "when this type of evidence is admitted, the odds of conviction increase dramatically." (*People v. Villatoro* (2012) 54 Cal.4th 1152, 1162, 1165-1166 [cleaned up].) Indeed, propensity evidence "tends to overpersuade the jury." (*People v. Falsetta* (1999) 21 Cal.4th 903, 915 [cleaned up], citing *Old Chief v. United States* (1997) 519 U.S. 172, 181.)

Section 352 saves section 1109 from violating due process. (*People v. Hoover* (2000) 77 Cal.App.4th 1020, 1029 [relying on *Falsetta*'s same conclusion for section 1108].) In taking judicial notice here, I recognize the trial court sought to present the evidence in a "less prejudicial" and less unduly time-consuming manner than a live witness "describing a whole incident"—the way Cook wanted the prosecution to introduce this evidence.

Yet that calculus failed to fully appreciate and account for the difference between the *prosecutor* presenting the jury with a certified record of conviction—another permissible way to introduce section 1109 evidence— and the *judge* telling the jury it *must* accept certain facts as true. To avoid acting "contrary to the spirit of the Sixth Amendment right to a jury trial" with respect to adjudicative facts, the Federal Rules of Evidence require the court in a criminal case to instruct the jury "that it *may or may not accept the noticed fact* as conclusive." (Advisory Com. Notes, Fed. Rules Evid., rule 201,

1974 enactment; Fed. Rules Evid., rule 201(f), italics added.) Our Evidence Code, in contrast, gives the jury no such freedom. Instead, the court "may, and upon request shall, instruct the jury *to accept as fact* the matter so noticed." (Evid. Code, § 457, italics added.)

As Cook's trial counsel contended, judicially noticed section 1109 evidence leaves a defendant in the unenviable position of "arguing through counsel against the judge overseeing the case." Here, trial counsel could have told the jury that, even accepting as true the judicially noticed fact that in 2016 Cook "unlawfully violated the personal liberty of another by violence, menace, force[,] or deceit," the prosecution fell short of its burden to prove the past event constituted domestic violence. But jurors are less likely to entertain such an argument when a judge has told them, as here, the judicially noticed information "is evidence of other uncharged domestic violence."

The trial court recognized the apparent conflict between taking judicial notice of uncharged domestic violence and the pattern jury instruction for section 1109, which permits the jury to consider such evidence "only if the People have proved" the uncharged domestic violence "by a preponderance of the evidence." (CALCRIM No. 852A.) Indeed, the trial court noted this procedure "might be taking [away from the jury] most of the decision-making process about whether or not by [a] preponderance of the evidence that matter has been proven." Still, the court concluded the jurors "don't have to use" the propensity evidence. (See CALCRIM No. 852A ["If you decide that the defendant committed the uncharged domestic violence, you may, but are not required to," draw certain inferences.].)

My concern, however, is that jurors are more likely to recall—and give greater weight to—facts singled out and presented by a judicial officer than

2

the myriad evidence presented by the prosecution.  Judicially noticing section 1109 evidence gives it the judge's imprimatur.  It thus has the practical effect of increasing the likelihood jurors will draw the corresponding propensity inference, which in turn "'dramatically'" increases the likelihood they will render a guilty verdict.  (See *Villatoro*, 54 Cal.4th at pp. 1165-1166.)

As a result, I believe trial courts should not take judicial notice of these types of propensity evidence.  The absence of judicial notice in this situation would not cause the trial to devolve into a time-consuming and inflammatory mini-trial on this evidence, as the court could instead admit the certified conviction record, with redactions as necessary under section 352. (See *People v. Robinson* (2024) 99 Cal.App.5th 1345, 1356.)

Despite my position, and as explained by the majority, the Evidence Code currently permits trial courts to judicially notice this information without any exception for section 1109 or similar evidence.  While that compels me to join the result, I feel equally compelled to caution trial courts to keep in mind the sway their position gives them over jurors and the potential—though unintentional—prejudicial effect it can have in the context of propensity evidence.  Though the Legislature has carved out exceptions to the general rule against propensity evidence through section 1109 and similar provisions, trial courts must tread cautiously to avoid inadvertently giving propensity evidence, through the manner of its admission, outsized attention and credibility in the eyes of the jury.

CASTILLO, J.

3